THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JIM DONELSON, Defendant-Appellant.

Fourth District   No. 13738

Opinion filed February 10, 1977.

Gerald B. Cohn, of Bethalto, for appellant.

Norbert J. Goetten, State's Attorney, of Carrollton (G. Michael Prall and Marc D. Towler, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant Jim Donelson was charged in the Circuit Court of Greene County with the offenses of misdemeanor theft, obstructing justice and concealing a fugitive. A jury found him guilty of concealing a fugitive and acquitted him of the other charges. The court sentenced him to 2 years probation with conditions that he spend 52 consecutive weekends in the county jail and pay a fine of $500 plus costs within the first year of probation. Defendant appeals.

The concealing a fugitive charge alleged that defendant violated section 31—5 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 31—5) on or about June 2, 1975, in that he, "with the intent to prevent the apprehension of Robert Devault, who he knew committed the offense of burglary, concealed his knowledge that the offense of burglary had been committed by Robert Devault." Various errors are cited by defendant. We need consider only his contention that it was not proved beyond a reasonable doubt that he concealed knowledge that Devault had committed a burglary.

At the heart of the dispute in this case is the meaning of the word "conceals" in section 31—5. That section states:

"Every person not standing in the relation of husband, wife, parent, child, brother or sister to the offender, who, with intent to prevent the apprehension of the offender, conceals his knowledge that an offense has been committed or harbors, aids or conceals the offender, commits a Class 4 felony."

At most the evidence only showed that defendant (1) was told by Devault that he had burgled a physician's office, (2) received some pills from Devault taken in the burglary and (3) drove Devault to a nearby town to help him dispose of some other fruits of the burglary. No evidence was introduced that defendant had lied to anyone about the burglary or even refused to answer any questions about it. All that was shown was that defendant took no affirmative act to come forward with information about the burglary.

No Illinois cases are directly in point as to what is meant by the word "conceals" in section 31—5. The State contends that a mere silence would constitute concealment and that the statute is violated when a person with the required knowledge and intent fails to inform law enforcement officers about the offense. It argues that we should be guided in our interpretation by the definition of conceal in Black's Law Dictionary (rev. 4th Ed. 1968), which includes the definitions "withhold from the knowledge of others" and "withhold from utterance or declaration," and in Webster's Third New International Unabridged Dictionary (1961), which includes the definitions "withhold knowledge of" and "treat so as to be unnoticed." By the interpretation the State suggests, the evidence here could be deemed sufficient for the jury to have found that defendant concealed knowledge of the offense. We believe, however, that the history of section 31—5, analogy to interpretation of similar statutes, and common sense all support a definition of the word "conceals" that requires more than a failure to come forward with information.

The comments of the committee that drafted the Criminal Code state that section 31—5 is the same as the old accessory-after-the-fact statute found in section 2 of division II of the Criminal Code of 1874 (Ill. Rev. Stat. 1959, ch. 38, par. 584). Although dictum in *Yoe v. People* (1868), 49 Ill. 410, suggested that a failure to inform authorities of a crime would make a person with the required knowledge and intent an accessory after the fact, we find no indication that such a rule was ever actually applied in Illinois under the common law or accessory after the fact statutes. We believe a more accurate statement of the law to be that of American Jurisprudence 2d which states, "Mere failure to reveal knowledge that a person had committed a felony did not make one an accessory after the fact at common law; but the rule may be made otherwise by statute" (21 Am. Jur. 2d *Criminal Law* §126 (1965)). Neither the Illinois accessory-after-the-fact-statute in force at the adoption of the Criminal Code (Ill. Rev. Stat. 1959, ch. 38, par. 584) nor any of its predecessors have been

called to our attention as stating that mere failure to come forward with knowledge was an offense. It seems more likely that the legislature in enacting the more recent statutes intended to follow the common law rather than the dictum of *Yoe*.

In *People v. Criswell* (1973), 12 Ill. App. 3d 102, 298 N.E.2d 391, the court was required to interpret the meaning of the word "conceals" as applied to the definition of the offense of obstructing justice. Section 31—4 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 31—4) provides that a person commits that offense when, with the intent to prevent the apprehension, prosecution or defense of another, that person knowingly " * * * conceals * * * physical evidence * * *." The defendant Criswell had found his father's slain body on the floor and fearing that he would be charged, buried the body in a secret place. He then remained silent as to what he had done and the whereabouts of the body for nearly three years. With the application of the 18-month statute of limitations for misdemeanors at issue, the court ruled that the offense was complete when the body was buried and did not continue through the time that the defendant remained silent.

Similarly in *People v. Vath* (1976), 38 Ill. App. 3d 389, 347 N.E.2d 813, the court held that the offense of concealment of a homicidal death (Ill. Rev. Stat. 1975, ch. 38, par. 9—3.1) was not proved by evidence that an eyewitness to a killing which the witness knew to be homicidal, made no disclosure of that information and, when interrogated, denied knowledge of the death. The statute provided that the offense is committed when a person "conceals the death" with knowledge that the death was homicidal. The opinion made clear that an affirmative act of concealment was required.

The Federal misprision of felony statute provides:

> "Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined not more than $500 or imprisoned not more than three years, or both." (18 U.S.C. §4 (1970).

Although expressly requiring a person having knowledge of the commission of an offense to come forward with information, the statute has been construed to require an affirmative act of concealment in addition to the failure to notify the authorities of the commission of a crime. (*Bratton v. United States* (10th Cir. 1934), 73 F.2d 795.) Our attention has not been called to a single case in any American jurisdiction directly holding that a person commits an offense by merely remaining silent as to the commission of an offense. An excellent summary of cases from other states requiring an affirmative act as an element of a concealment offense appears in *Vath*.

Few, if any, of us have not ridden in automobiles driven by others at a speed in excess of the statutory limits. The driver has committed a misdemeanor. If we adopt the State's interpretation of section 31—5, unless we have reported the offense to law enforcement officers, we are guilty of a Class 4 felony unless we stand in an exempt relationship to the driver. Surely the legislature did not intend such a drastic result.

We hold that the State was required to prove an affirmative act in connection with the concealment and failed to do so. The conviction and sentence are reversed.

Reversed.

TRAPP, P. J., and REARDON, J., concur.