THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY THOMAS, Defendant-Appellant.

First District (4th Division)   No. 1—87—2924

Opinion filed May 17, 1990.

Michael J. Pelletier and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, David R. Butzen, and Howard D. Weisman, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE McMORROW delivered the opinion of the court:

Following a bench trial, defendant Anthony Thomas was convicted of concealing a fugitive (Ill. Rev. Stat. 1985, ch. 38, par. 31—5) and sentenced to one year of imprisonment. Because we conclude that the evidence was insufficient to prove defendant guilty of this offense beyond a reasonable doubt, we reverse.

The following pertinent evidence was presented at defendant's trial. On December 15, 1986, defendant was questioned by Detective Thomas Ptak of the Chicago police department at an area police station regarding the homicide of Eric Williams (Williams), which had occurred a day earlier. At this interview, defendant told Detective Ptak that on the day of the incident, defendant and Eric Williams (Williams) had an argument outside a tavern. Defendant told the detective that at some point during this argument, defendant made a phone call. Defendant stated that at some point after he made this telephone call, Williams was shot outside the tavern. Defendant said that he was standing beside Williams at the time of the shooting. Defendant told Detective Ptak that the assailant's first name was Ron. Defendant described the shooter as approximately 6 feet tall and weighing approximately 200 pounds. Defendant viewed mugshot books, but could not identify the assailant. Defendant was not given *Miranda* warnings during the questioning, because Detective Ptak did not consider defendant to be either under arrest, in custodial interrogation, or a suspect in the shooting, since other eyewitnesses had told the detec-

tive that defendant had not shot Williams. Detective Ptak testified that at this interview, defendant "admitted it did not look good for him [defendant]."

The following evening, Detective Ptak spoke to defendant on the street near defendant's home. Defendant told the detective that defendant was "still trying to find out who had shot" Williams. Approximately a week later, defendant was again interviewed by Detective Ptak at an area police station regarding the homicide. He was not given *Miranda* warnings, because Detective Ptak had not placed defendant under arrest, did not consider the setting to be one of custodial interrogation, and did not consider defendant to be a suspect in the shooting. During the course of the interview, defendant told Detective Ptak that defendant's first cousin, Ronald Batson (Batson), had shot Williams upon Batson's arrival at the scene following defendan't telephone call to Batson. Defendant gave the officer Batson's address and phone number. Defendant told Detective Ptak that defendant had not provided this additional information earlier because defendant was afraid Batson would involve defendant in the homicide. Batson, who matched the physical description given by defendant and whose photograph was not included in the mugshot books viewed by defendant during earlier interviews with the detective, was later arrested for the homicide.

Based upon this evidence, the trial court found defendant guilty of concealing a fugitive and sentenced him to one year of imprisonment. Defendant appeals.

■■ Defendant asserts that the evidence was insufficient to prove him guilty beyond a reasonable doubt. The offense of concealing or aiding a fugitive is defined as follows:

> "Every person not standing in the relation of husband, wife, parent, child, brother or sister to the offender, who, with intent to prevent the apprehension of the offender, conceals his knowledge that an offense has been committed or harbors, aids or conceals the offender, commits a Class 4 felony." Ill. Rev. Stat. 1985, ch. 38, par. 31—5.

■■ Illinois cases interpreting this statutory provision have held that, in order to "conceal" an offender, a person must take "an affirmative act in connection with the concealment." (*People v. Donelson* (1977), 45 Ill. App. 3d 609, 612, 359 N.E.2d 1225.) Thus, it has been held that the term "conceals" "requires more than a failure to come forward with information." (*Donelson*, 45 Ill. App. 3d at 610.) It has also been held that concealment of a homicidal death does not occur where a person fails to disclose information and, "when interro-

gated [by police], denie[s] knowledge of the death." *Donelson*, 45 Ill. App. 3d at 611, discussing *People v. Vath* (1976), 38 Ill. App. 3d 389, 347 N.E.2d 813.

■ Based upon this precedent, defendant's initial failure to disclose to Detective Ptak the full scope of defendant's knowledge of the assailant's identity did not amount to concealment of a fugitive under Illinois law. Defendant was not obligated, under Illinois law, to come forward with the identity of the offender. (*Donelson*, 45 Ill. App. 3d 609, 359 N.E.2d 1225.) Defendant also was not obligated, under Illinois law, to admit to this knowledge upon interrogation by the police, and could have denied any knowledge whatsoever of the identity of the shooter. (*Vath*, 38 Ill. App. 3d 389, 347 N.E.2d 813.) A denial of any knowledge of the identity of the assailant would not have amounted to the "affirmative act" required under Illinois law for the offense of concealing a fugitive. (See *Vath*, 38 Ill. App. 3d 389, 347 N.E.2d 813.) Consequently, when defendant gave Detective Ptak incomplete information regarding the identity of the person whom defendant had seen shoot Williams, defendant did not undertake an affirmative act necessary for the offense of concealing a fugitive. Accordingly, the record does not establish sufficient evidence to sustain defendant's conviction of concealing a fugitive.

The State argues that defendant's failure to provide Detective Ptak with the full identity of the assailant should fall within the scope of section 31—5, because defendant's partial disclosure misled the police to believe that the person who committed the homicide was not a person defendant knew personally and was not a relative of defendant. There is no evidence in the record to support the State's claim that Detective Ptak, or other police officers investigating the homicide, were actually so misled by defendant's partial disclosure of the identity of the assailant. In addition, the pertinent Illinois decisions have based their holdings upon an affirmative act of concealing the fugitive. Because the State's evidence in the instant cause does not establish that defendant undertook an affirmative act to conceal the person who shot Williams, we reverse his conviction and sentence.

In light of this disposition, we need not and do not address the remaining claims made by defendant on appeal.

Reversed.

JOHNSON and JIGANTI, JJ., concur.