THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH SAMUELS, Defendant-Appellant.

Fifth District No. 75-481

Opinion filed July 27, 1976.—Rehearing denied November 3, 1976.

Stephen P. Hurley, of Mt. Vernon, and Theodore A. Gottfried, of Springfield, both of State Appellate Defender's Office, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Robert L. Craig, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE KARNS delivered the opinion of the court:
Defendant-appellant Kenneth Samuels was convicted of aggravated

battery upon his plea of guilty in the Circuit Court of St. Clair County on June 11, 1975. On July 23, 1975, defendant was sentenced to the Department of Corrections for a term of three to nine years. Pursuant to Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)), defendant filed a timely motion to withdraw the plea of guilty alleging that the sentence was excessive and that the court erred in failing to determine defendant's fitness to stand trial. Although a hearing was held on the motion to withdraw, no transcript was made of the hearing, apparently at the request of defense counsel. After the hearing the court denied the motion.

On appeal defendant contends that fundamental fairness requires that he be allowed to withdraw the plea of guilty because of his youth, mental deficiency and protestations of innocence. Defendant also contends that the sentence is excessive. Although defendant did not raise the first issue in his motion to withdraw the guilty plea and may therefore have waived it under Rule 604(d), we need not reach the issues raised because of our belief that the trial court and defense counsel failed to comply with the procedures set forth in Rule 604(d).

Rule 604(d) provides in part, "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for presentation of any defects in those proceedings." No such certificate appears of record in the instant case.

The quoted portion of the rule is analogous to Supreme Court Rule 651(c) (Ill. Rev. Stat. 1975, ch. 110A, par. 651(c)) involving petitions filed under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1975, ch. 38, par. 122—1 *et seq.*) We note, however, that Rule 651(c) states that "the record * * * shall contain a showing, which may be made by the certificate of petitioner's attorney" that the attorney has consulted with the defendant, reviewed the record and has made any necessary amendments. The language in Rule 604(d) is stronger and appears to offer no alternative to the filing of the certificate. The Supreme Court, in cases involving Rule 651(c), has held that filing of the certificate during the pendency of the appeal satisfies the rule. *People v. Harris*, 50 Ill. 2d 31, 276 N.E.2d 327 (1971).

In the instant case, however, we have no indication of what steps were taken by appointed counsel or what transpired at the hearing on the motion to withdraw the guilty plea.

Considering the seriousness of the offense and defendant's low intellectual development, we believe that the cause should be remanded

to the trial court for a new hearing on the motion to withdraw. At this hearing, defendant will be allowed to amend the motion to withdraw the plea of guilty to allege any appropriate matters not contained in the original motion and appointed counsel will be directed to comply in all respects with Rule 604(d).

The order of the Circuit Court of St. Clair County denying defendant's motion to withdraw the plea of guilty is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded with directions.

JONES and EBERSPACHER, JJ., concur.