THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES LAFAYETTE HINES, Defendant.—(LEON SHIVERS, Defendant-Appellant.)

Fourth District   No. 13484

Opinion filed December 2, 1976.

Richard J. Wilson and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (G. Michael Prall and James R. Sanders, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

Following a jury trial in the circuit court for the Sixth Judicial Circuit, Champaign County, the defendant, Leon Shivers, was convicted of the offense of armed robbery in violation of section 18—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 18—2). Defendant was sentenced to a term of imprisonment for a minimum of 6 years and a maximum of not more than 18 years. Defendant appeals from this sentence, alleging that it is excessive in that defendant has no prior felony record.

The evidence introduced at trial reflects that James Woolsey was pulled from an automobile by two males as the automobile was parked in an alley beside his apartment in Champaign, Illinois, on the evening of December 20, 1974. Woolsey testified that one of the men, James Hines, punched him while the other man, the defendant herein, held an ice pick

against his face. The two men wrestled Woolsey to the muddy ground and Hines removed eight dollars from Woolsey's wallet. Hines and the defendant demanded more money from Woolsey, who was then ordered to remove his coat. Hines examined the coat and one of the men told Woolsey to remove his shoes and pants which Hines also examined.

Hines then searched through the automobile while the defendant continued to hold the ice pick to Woolsey's chest. As Hines exited from the automobile, he pushed the defendant with the door, knocking defendant onto Woolsey who was still held at bay by defendant. Woolsey's nose was scratched by the pick, but he was not otherwise injured. Thereafter, Hines' foot struck a cement block and he said to the defendant, "Finish him off with the brick." It was at that time that the police arrived.

John Gronager, Woolsey's roommate, viewed the incident from an apartment window and corroborated much of Woolsey's testimony.

The State also presented the testimony of officers Pridemore, Walker, and Reid of the Champaign police department. Pridemore stated that when they arrived at the scene, no one was attacking anyone. Walker stated that the defendant was bending over Woolsey when the police arrived, but that he did not see anything in defendant's hand. Pridemore stated that no weapons were found on either Hines or the defendant, although Reid and John Gronager discovered an ice pick under the automobile.

In defense, Hines and the defendant testified, in essence, that Hines was seeking to recover some money which Hines thought Woolsey had previously taken from him. Hines stated that Woolsey instigated the altercation by pushing him after he requested the return of his money.

Armed robbery is a Class 1 felony, and under the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1 *et seq.*) the offense does not have a maximum sentence, although the minimum term is determined pursuant to section 5—8—1(c)(2) which states:

> "[F]or a Class 1 felony, the minimum term shall be 4 years unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term." (Ill. Rev. Stat 1973, ch. 38, par. 1005—8—1(c)(2).)

Furthermore, the one-third of the maximum rule mandated for Class 2 and 3 felonies is not applicable to Class 1 felonies. Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c).

■■ The defendant in the instant case has never been convicted of a felony and his last reported criminal violation was criminal damage to property in April 1969. For that offense, he paid a fine and court costs. In September of 1968, he was convicted and fined for fighting. In October of

1968, he was convicted for driving without an operator's license, careless driving, and leaving the scene of an accident. For these offenses, he was sentenced to serve 7 days in the county jail. At the time of the instant offense, defendant was employed as a janitor at the University of Illinois. Other aspects of defendant's background, as represented in the presentence report, indicate that defendant is not a hardened criminal.

We note that our Constitution provides:

> "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship. * * *" (Ill. Const. 1970, art. I, §11.)

A trial judge has an enormous responsibility when he imposes a sentence on a defendant found guilty of crime. In exercising his sentencing power, the judge must be concerned with the rehabilitative potential of the defendant, with the need to deter repeated or similar criminal conduct, to protect society from law violators and to encourage adherence to and respect for the law. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—1(a).) While we recognize that Supreme Court Rule 615(b)(4) (58 Ill. 2d R. 615(b)(4)) authorizes this court to reduce or modify sentences imposed by trial courts, we also recognize that the rule does not authorize this court to tinker with sentences or to substitute its judgment for that of the trial judge.

■■ In this case, a defendant who has no prior felony record has been sentenced to a recognizably severe term of imprisonment running from 6 to 18 years, however this sentence is within the minimum and maximum limits set for the offense by the legislature. We cannot say that the penalty imposed in this case is disproportionate to the character of the offense and we therefore decline to substitute our judgment for that of the trial judge who was present at the trial, who viewed the demeanor of the defendant and the witnesses, and who was in a much better position to evaluate the nuances of the evidence.

Affirmed.

CRAVEN, P. J., and SIMKINS, J., concur.