THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TERRY WAYNE MOORE, Defendant-Appellant.

Fourth District   No. 13726

Opinion filed December 30, 1976.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Donald R. Parkinson, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The defendant was convicted upon his pleas of guilty of the offenses of burglary, criminal trespass to a vehicle and resisting a police officer. The pleas of guilty were entered on November 10, 1975, after full and complete admonition as required under Supreme Court Rule 402 (58 Ill. 2d R. 402). On December 24, 1975, the defendant was sentenced to concurrent terms of 2 to 6 years together with two terms of 364 days upon his various pleas of guilty. At the time of the sentencing hearing, the trial court admonished the defendant as required by Supreme Court Rule 604(d) that he had no right to appeal from the sentence unless within 30 days of the date of sentencing, he would cause to be filed in the circuit court a motion to vacate his plea as required by the terms and provisions of Supreme Court Rule 604. The defendant advised the court that he desired to file a motion to vacate, requested the appointment of counsel, and the court thereupon appointed counsel to represent the defendant in connection with the motion to vacate. This all happened on December 24, 1975. Thereafter, on February 20, 1976, counsel thus appointed filed a motion to vacate the plea, setting forth as the sole ground for relief the allegation that the sentence imposed was excessive. There was appended to that motion an affidavit of counsel which did not indicate whether counsel had or had not discussed the motion to vacate and the grounds for it with the defendant. The motion to vacate was denied on March 5, 1976, and this appeal is from that order.

Because of the deficiency in this record with reference to compliance with Rule 604, this court on its own motion remanded the case to the circuit court of Champaign County with directions that a hearing be conducted to ascertain whether or not counsel conferred with the defendant, either in person or by mail, subsequent to his appointment to

ascertain the defendant's contentions with reference to error that may have intervened in the entry of his pleas of guilty, all as is specifically required by Supreme Court Rule 604(d). Such hearing was conducted in the circuit court and a supplemental record has been filed in this court. From that record, it does not affirmatively appear that counsel that was appointed to represent the defendant did, in fact, confer with him in person or by mail within the time limit of the rule for the filing of the motion to vacate the plea. Indeed, the record indicates that the contact that was made was by mail and it was made at a time beyond the 30-day limit allowed by the rule for the filing of a motion to vacate the plea.

It is clear from this record that immediately after sentence was imposed, the defendant explicitly manifested an intention that a motion to vacate the plea be filed. The trial court did all that it was required to do in that counsel was appointed for purposes of assisting in the filing of the motion to vacate. Thereafter nothing was done within the 30 days limited by rule. That which was done beyond the 30-day limit period was not in compliance with the rule. We agree with the defendant that the waiver consequences upon noncompliance with Supreme Court Rule 604(d) are such as to preclude any meaningful appeal from a judgment entered upon a plea of guilty and a sentence imposed upon such plea. Because of the strict waiver requirement, fundamental fairness does require and the rule requires that a defendant be afforded a full opportunity to explain his allegations and that he have assistance of counsel in preparing a motion to vacate before such motion to vacate is denied. We need not pass upon the question of the necessity of the defendant being personally present.

We note that the procedure mandated by Supreme Court Rule 604(d) is in many respects similar to the procedure mandated in post-conviction proceedings and the duties and obligations of counsel set forth in *People v. Slaughter* (1968), 39 Ill. 2d 278, 235 N.E.2d 566, would, by analogy, be applicable here.

Thus, we hold that it was error to deny the motion to vacate without first ascertaining that counsel appointed by the court had consulted with the defendant either personally or by mail and prepared a motion in accordance with such consultations and filed a certificate as required by Rule 604. Although the motion as ultimately filed was untimely, it would be unconscionable to impute a waiver of the right to file to the defendant when he had expressly manifested an intention to file. (See *People v. Keeney* (1970), 45 Ill. 2d 280, 259 N.E.2d 56; *People v. Brown* (1973), 54 Ill. 2d 25, 294 N.E.2d 267.) The judgment of the circuit court of Champaign County denying the motion to vacate is reversed and this cause is remanded to that court with direction to appoint counsel and to grant leave to file a motion to vacate and to thereafter require compliance

with the provisions of Rule 604(d) as a condition precedent to ruling on the motion.

Reversed and remanded with directions.

MILLS and REARDON, JJ., concur.