THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOE EVANS, Defendant-Appellant.
Fourth District   No. 13818

Opinion filed March 3, 1977.—Rehearing denied April 14, 1977.

Richard J. Wilson and Richard R. Green, both of State Appellate Defender's Office, of Springfield, for appellant.

Richard J. Doyle, State's Attorney, of Danville, for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Upon a plea of guilty, defendant was convicted of aiding an escape from the Vermilion County jail. Nine other counts of the indictment against him were dismissed on the motion of the State as part of the plea agreement which resulted in the imposition of the recommended sentence of a concurrent term of imprisonment of not less than 4 nor more than 12 years. Defendant was, at the time of the escape, serving a sentence of not less than 3 nor more than 9 years for forgery.

Within 30 days of the imposition of sentence, defendant filed, pro se, a notice of appeal, a motion to change his plea of guilty and a motion for modification of his sentence. The substance of the two motions was that defendant's four confederates in the escape received "lesser" sentences of consecutive terms of not less than 2 nor more than 6 years' imprisonment. The trial court appointed counsel to represent defendant on these motions. After a hearing on January 29, 1975, the trial court denied the motions and the defendant timely initiated this appeal.

As error, defendant argues only that his counsel failed to file a certificate demonstrating adequate representation as required by Supreme Court Rule 604(d) (58 Ill. 2d R. 604(d)). While the rule makes such filing mandatory, we cannot see where the failure to file constitutes harmful error. The record shows that appointed counsel on the motions subsequent to the plea adequately represented the defendant, had examined the record and court file, and amended defendant's pro se motion to withdraw his plea so as to give it a more solid legal basis. While the formal filing of the certificate does not appear in the record, every function of trial counsel contemplated by the rule was performed.

This situation is materially different from the facts in *People v. Samuels* (1976), 42 Ill. App. 3d 642, 356 N.E.2d 563, cited by the defendant, where there was no record of the hearing on the motion to withdraw the plea of guilty. While we have strictly applied the rule in our own recent decision of *People v. Moore* (1976), 45 Ill. App. 3d 570, 359 N.E.2d 1065, that case is also inapposite to the instant case as, in *Moore*, the record disclosed that the trial counsel failed to adequately represent the defendant. That is not the case here.

The judgment and sentence of the trial court is accordingly affirmed.

Affirmed.

MILLS and REARDON, JJ., concur.