THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HAROLD LLOYD PURVIS, Defendant-Appellant.

Fourth District   No. 14095

Opinion filed May 23, 1977.

Richard J. Wilson and Edward R. Green, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Fahey, State's Attorney, of Danville (Robert C. Perry, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Defendant pleaded guilty to the possession of a controlled substance in

violation of section 402(b) of the Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1402(b)). His plea was taken at a hearing held on August 19, 1976, and, at the conclusion of the hearing, defendant waived a presentence report and was sentenced to a term of imprisonment of not less than 1 nor more than 3 years. On September 2, 1976, defendant filed a pro se motion to withdraw his plea of guilty and followed that motion with a request that an attorney other than the Vermilion County Public Defender be appointed to represent him on the motion. At the hearing held on defendant's motion to withdraw his plea, the court denied this request. The defendant's motion was then denied and he appeals. We affirm.

■■  Only two issues are presented for review. Defendant first argues that the failure of his attorney to file with the trial court a certificate pursuant to Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)) was reversible error. That certificate was filed as a supplement to the record on appeal. Under our recent decision of *People v. Hummel* (1977), 48 Ill. App. 3d 1002, ___, N.E.2d ___, this filing is permissible and satisfies the substance of the rule.

■■  Defendant next argues that there existed a conflict of interest which required the trial court to appoint private counsel to represent defendant on the hearing concerning the motion to withdraw his guilty plea. This theory grows out of cases arising from petitions for post-conviction relief where, when a ground for that relief is the incompetence of counsel, the public defender who represented the defendant at trial is appointed to represent him at the hearing on his post-conviction petition. (See *People v. Smith* (1967), 37 Ill. 2d 622, 230 N.E.2d 169; *People v. Terry* (1970), 46 Ill. 2d 75, 262 N.E.2d 923.) In both of these cases, the supreme court held that while a defendant generally does not have the right to appointment of an attorney other than the public defender, in such instances it is reversible error for the court not to appoint an attorney other than the public defender to represent the defendant on his petition for post-conviction relief.

Defendant's motion to withdraw his guilty plea did not raise the incompetence of the public defender as a ground for relief. Rather, defendant complained that the physical conditions of the Vermilion County jail reduced his capacity to knowingly waive his rights and influenced him to take the course of action that would result in his quick removal from the jail. The record shows that defendant's argument for leave to withdraw plea was forcefully argued by the public defender of record and that all material proof obtainable by him for that purpose was introduced. Further, at the close of the hearing, defendant agreed that everything he had to present on the motion had been presented. The mere

fact that the public defender was involved in the prior plea negotiations does not, without more, raise a conflict of interest.

■■ There was no compelling reason not to appoint the public defender to represent the defendant at this second hearing. Further, we are unable to find any occurrence of error in this hearing. An indigent defendant has no right to select his own counsel. (*People v. Cox* (1961), 22 Ill. 2d 534, 177 N.E.2d 211, *cert. denied*, 374 U.S. 855, 10 L. Ed. 2d 1076, 83 S. Ct. 1925; Annot., 66 A.L.R.3d 996, 1003 (1975).) The defendant here was therefore not prejudiced by the action of the trial court in following the provision for representation of indigence envisioned by section 4 of the Public Defenders Act (Ill. Rev. Stat. 1975, ch. 34, par. 5604). The judgment of the trial court is accordingly affirmed.

Judgment affirmed.

GREEN and REARDON, JJ., concur.