THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
THOMAS FRANK HUMMEL, Defendant-Appellant.

Fourth District   No. 13745

Opinion filed April 25, 1977.—Modified on denial of rehearing June 22, 1977.

[black bars]

Richard J. Wilson, of State Appellate Defender's Office, of Springfield, for appellant.

Tracy Resch, State's Attorney, of Marshall (Robert C. Perry, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

The defendant, Thomas Frank Hummel, on January 19, 1976, entered pleas of guilty to charges that he committed the offenses of concealment of a homicidal death and theft of property valued in excess of $150. (Sections 9—3.1 and 16—1(a), (e)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, pars. 9—3.1, 16—1(a), (e)(3)).) For both offenses, the trial court sentenced defendant to concurrent terms of 2 to 6 years imprisonment, of which defendant served approximately 6 months in the penitentiary plus the time he served in the county jail before being granted bail in the amount of $5,000 by this court. After sentencing, defendant filed a timely motion to withdraw his plea and to vacate the court's judgment, however, the trial court denied that motion on March 22, 1976. The instant appeal involves allegations that the trial court erred in denying that motion.

Briefly, the facts giving rise to defendant's prosecution are as follows: On September 27, 1975, in rural Clark County, defendant and his brother-in-law, James Baker, killed and butchered a steer belonging to Charles Morgan with the intention of transporting it to their home in Terre Haute, Indiana. After quartering the animal, defendant and Baker encountered Everett Livvix. Defendant dropped the hind quarter he was carrying and fled into a nearby corn field, while Baker approached Livvix, fatally shooting him with two shotgun blasts.

Defendant did not see the fatal shooting, but he was able to hear the distant shots from Baker's weapon. Shortly thereafter, he exited from the field when Baker called to him. Baker asked, "Do you know what I just

done [*sic*]?" Defendant, however, did not respond. Defendant and Baker next went to the home of defendant's parents and then returned to Terre Haute. Later that same day, defendant drove his car to the Wabash River bridge on Route 63 in Vigo County, Indiana, where Baker disposed of the shotgun and instruments used in butchering the steer by throwing them into the river. At no time did Baker tell defendant that he had shot or murdered the decedent. On the following day, defendant heard a radio report that a man had been found shot to death near his parent's home. Two days after the offenses were committed, defendant and Baker were arrested and charged with murder.

Section 9—3.1(a) of the Criminal Code of 1961 provides:

> "A person commits the offense of concealment of homicidal death when he conceals the death of any other person with knowledge that such other person has died by homicidal means." (Ill. Rev. Stat. 1975, ch. 38, par. 9—3.1(a).)

This statute contains two elements whose presence must be established in order to prove the offense: (1) an act of concealment, and (2) the mental state of knowledge that the victim died as a result of a murderous attack.

Identification of an act of concealment is not an easy matter. We have held that, in order to be found guilty of the offense of concealing a fugitive, one must commit an act of concealment which requires *more than a failure to disclose knowledge* that another person committed an offense. (*People v. Donelson* (1977), 45 Ill. App. 3d 609, 359 N.E.2d 1225.) The Appellate Court for the Fifth District has held that:

> " * * * prosecution under section 9—3.1 [is limited] to situations where the *body itself is concealed* or where the homicidal nature of death is actively concealed, as in making a homicide appear an accident." (Emphasis added.) (*People v. Vath* (1976), 38 Ill. App. 3d 389, 395, 347 N.E.2d 813, 817.)

Wiping fingerprints from the scene of a crime and *disposing of weapons* used in a crime may also be sufficient acts of concealment on which a conviction could be based. *People v. Dyer* (1975), 28 Ill. App. 3d 436, 438-39, 328 N.E.2d 716.

It may be said that the instant defendant committed an act of concealment in driving Baker to the Wabash River and in waiting by the automobile while Baker threw the murder weapon into the river. *Dyer* holds that such an act is an act of concealment of a homicidal death and not merely concealment of the murderer's identity. It is, however, unclear that the instant defendant possessed the requisite state of mind, because neither the factual basis of the plea nor defendant's responses to questioning by the court discloses defendant's knowledge of the significance of his acts.

■■ Defendant admitted hearing the two fatal shotgun blasts as he

secreted himself in the field, however, he neither saw the actual killing nor did he at any time see the victim's body. Defendant was neither told of the death by Baker nor did defendant hear a radio report of the homicide before driving Baker to the Wabash River bridge where Baker disposed of the weapons and implements used both in the murder and theft. Defendant might have thought that the fatal shotgun blasts were actually fired in the air for the purpose of frightening the decedent. Defendant might have thought the blasts were nonfatal in character if he thought Baker had fired at the decedent. We, therefore, hold that the factual foundation presented to the judge who accepted defendant's plea was insufficient to establish that defendant knowingly, committed the offense of concealing a homicidal death.

■■ We cannot accept the State's contention that it circumstantially established a factual basis for defendant's plea by showing he concealed his knowledge of the crime. As we have already stated, the facts do not reflect defendant's actual knowledge of the murder, and, even if the record contained such a showing, mere concealment of knowledge alone is insufficient to support the conviction. (*Donelson.*) Accordingly, we reverse defendant's conviction for concealment of a homicidal death.

Section 16—1(a), (e)(3) of the Criminal Code of 1961 provides:

"A person commits theft when he knowingly:

(a) Obtains or exerts unauthorized control over property of the owner; * * *.

(e)(3) Theft of property from the person or exceeding $150 is a Class 3 felony."

(Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a), (e)(3).)

Here, defendant alleges that Officer John Roberts' testimony that the steer which the defendant allegedly killed and quartered was worth $250 was insufficient to establish a factual foundation for his felony theft plea. Roberts also testified that he had a small acreage, that he owned cattle of his own and that his opinion as to the value of the steer was based on the value of the cattle he had owned. On the basis of Roberts' testimony, however, we find that the State did establish that the butchered steer had a value in excess of $150, as is required by section 16—1(e)(3). Whether or not Roberts' testimony is persuasive is not a question of admissibility, but a question of credibility which we have left for resolution by the trier of fact.

■■ We have carefully reviewed the record in this case and defendant's contention that a sentence of 2 to 6 years for felony theft is excessive. While we recognize the respectability of defendant's prior record, we can neither substitute our judgment for that of the sentencing judge nor tinker with the sentences he imposes. (*People v. Hines* (1976), 44 Ill. App. 3d 204, 357 N.E.2d 884.) Theft of property exceeding $150

in value is a Class 3 felony for which defendant could have been sentenced to from 1 to 10 years in the penitentiary. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(b)(4).) Defendant could have been sentenced to 1 to 6 or 1 to 3 years in the penitentiary for the theft offense (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(c)(4)). Without a showing of abuse, this court should not reduce a defendant's sentence where the sentencing judge has given proper consideration to all the factors relevant to a proper sentence including the nature of the offense, defendant's personal circumstances and the needs of the public.

■■ Defendant contends that the trial court committed reversible error in convicting him for offenses which were prosecuted by information, but which were committed on September 27, 1975, prior to the effective date of amended section 111—2(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 111—2(a)). For the reasons expressed in *People v. Tibbs* (1977), 46 Ill. App. 3d 310, 360 N.E.2d 993, we reject defendant's contention.

■■ Although the defendant contends that the trial court should have appointed different counsel to represent him on the motion to withdraw the guilty pleas, defendant does not contend that his counsel was incompetent. Defendant relies on *People v. Terry* (1970), 46 Ill. 2d 75, 262 N.E.2d 923, and *People v. Smith* (1967), 37 Ill. 2d 622, 230 N.E.2d 169, but in those cases our supreme court held that different counsel should have been appointed to represent the defendants in post-conviction proceedings because the defendants alleged the incompetence of previously appointed counsel. Here, no such allegation has been made by the defendant. Furthermore, counsel did ask that the trial court incorporate in the motion to withdraw any additional grounds alleged in defendant's correspondence. The trial court granted this request. In view of this fact and after carefully reviewing the record, we cannot say that appointed counsel's representation of defendant's interests amounted to no representation at all or that it otherwise reduced the proceeding to a mockery or farce. *People v. Elliott* (1977), 46 Ill. App. 3d 887, 361 N.E.2d 852.

■■ Defendant also contends that the court erred in failing to comply with Supreme Court Rule 604(d) (58 Ill. 2d R. 604(d)). Defendant contends that his counsel failed to file a certificate demonstrating compliance with the rule, that the court failed to order a transcript of the proceedings at the hearing on the motion to vacate the pleas, and that it failed to order defendant's presence for such a hearing.

Supreme Court Rule 604(d) requires:

" * * * The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of

error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." 58 Ill. 2d R. 604(d).

A strict reading of this rule would require that this court remand the case to the trial court for a new hearing on the motion to withdraw because the certificate was not filed in the trial court. Undoubtedly, the purpose of the rule is to assure that indigents are afforded proper representation when seeking to withdraw a guilty plea, however, we have been able to determine from our careful analysis of the record that defendant received adequate and proper representation. Counsel has filed the certificate required by Rule 604(d) in this court and the record discloses the correspondence between defendant and his counsel. Defendant's letters do not set forth his allegations of error and defense counsel, at the hearing on the motion to withdraw the pleas, requested that the trial court incorporate those grounds into his formal motion.

The Appellate Court for the Fifth District analyzed Rule 604(d) in great detail in *People v. Samuels* (1976), 42 Ill. App. 3d 642, 356 N.E.2d 563, and found that filing of a Rule 604(d) certificate by defense counsel is a mandatory requirement where a motion to vacate a guilty plea is filed. Similarly, this court held in *People v. Moore* (1976), 45 Ill. App. 3d 570, 359 N.E.2d 1065, that " * * * it was error to deny [defendant's] motion to vacate without first ascertaining that counsel appointed by the court had consulted with the defendant either personally or by mail and prepared a motion in accordance with such consultations and filed a certificate as required by Rule 604." (45 Ill. App. 3d 570, 572, 359 N.E.2d 1065, 1066.) We note that a similar certificate is required in post-conviction proceedings pursuant to Supreme Court Rule 651(c) (58 Ill. 2d R. 651(c)), but that our supreme court has held that filing of such a certificate during the pendency of the appeal satisfies the requirements of the rule. *People v. Harris* (1971), 50 Ill. 2d 31, 276 N.E.2d 327.

We hold here, as we did in *Moore*, that a Rule 604(d) certificate is a "condition precedent" to a ruling on the merits of a motion to vacate, however, this court will review a trial court's ruling on the merits of such a motion in cases where a certificate substantially complying with Rule 604(d) is filed in this court, where the record is sufficient to permit our review of defendant's allegations of error and where the purposes of the certificate have been fulfilled. In cases where these three elements have been met, the failure to file a formal certificate merely constituted harmless error. *People v. Evans* (1977), 46 Ill. App. 3d 689, 361 N.E.2d 77.

■■ The record reflects that defendant requested a transcript of the

hearing on the motion and that the motion was granted. A letter from the court reporter to appellate counsel, however, discloses that there is no transcript in the case, becaue no argument or evidence was received at the hearing. Contrary to the reporter's statement, the court's minutes do reflect that argument on the motion was heard on March 22, 1976, and that the court reviewed the transcript of the prior proceedings. It is our finding, contrary to defendant's contention, that the record is sufficient to permit us to rule on the errors alleged in this appeal. The court stated that it was considering the errors alleged in defendant's motion and correspondence, and these grounds are clearly addressed in the court's order denying the motion. As indicated in *Griffin v. Illinois* (1956), 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585, and *People v. Hopping* (1975), 60 Ill. 2d 246, 326 N.E.2d 395, a verbatim transcript is not always necessary to afford effective appellate review to a defendant. Here defendant has not made use of a bystander's bill of proceedings (Supreme Court Rule 323(c)), and the record has not been so inadequate as to prevent us from reviewing defendant's allegations of error. Under these circumstances, we find that defendant has not been denied due process of the law.

A defendant possesses a constitutional right to be present at every stage of his trial (*People v. Smith* (1955), 6 Ill. 2d 414, 129 N.E.2d 164), but this rule has not generally been extended beyond the sentencing stage. In *People v. Wilson* (1972), 7 Ill. App. 3d 158, 287 N.E.2d 211, a defendant's presence was not required at a hearing on a post-trial motion, and in *People v. Jennings* (1957), 11 Ill. 2d 610, 144 N.E.2d 612, a defendant's presence was not required at a post-conviction hearing.

■■ There are hazards and expense involved in transporting prisoners from the penitentiary to post-conviction proceedings. (*People v. Hamby* (1968), 39 Ill. 2d 290, 235 N.E.2d 572.) In addition, we note that defendant has not presented any factual issues outside the record. Accordingly, we find it unnecessary for the defendant to be present at the hearing on his motion to withdraw his guilty pleas.

Reversed in part; affirmed in part.

CRAVEN, P. J., and TRAPP, J., concur.