THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL J. HULTZ, Defendant-Appellant.

Fifth District   No. 76-272

■■■■■■■■■

Opinion filed July 14, 1977.

664

James Geis, of State Appellate Defender's Office, of Chicago and Janet K. Nowlan, law student, for appellant.

Robert H. Howerton, State's Attorney, of Marion (Bruce D. Irish and Keith P. Vanden Dooren, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant, Michael Hultz, entered a plea of guilty to four counts of forgery charged in three separate informations. There were two arraignments at which the defendant waived his right to a preliminary hearing and his right to counsel. The four convictions were consolidated for sentencing. At the hearing the defendant requested an attorney for purposes of sentencing. The public defender was appointed and the cause continued to the following week. At the sentencing hearing the court received the presentence report, heard arguments of opposing counsel and a statement by the defendant. The court then imposed concurrent sentences of not less than three years and four months nor more than ten years on two informations and identical consecutive sentences on the third.

Two days after the sentences were imposed, defendant's counsel filed a motion to vacate the judgment and to grant defendant leave to withdraw his plea of guilty. The motion alleged that the plea was not freely and voluntarily given because the defendant was rushed to plea and given no opportunity for reflection, that the defendant did not make a knowing waiver of counsel and that the sentencing judge did not give proper consideration to statements made by the defendant at the sentencing hearing which resulted in an excessive sentence. The record does not reflect that a hearing was held on the motion. The defendant appeals from the order denying the motion.

■■ The defendant argues that his counsel failed to file the certificate required by Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)) governing motions to withdraw a plea of guilty, that the filing of this certificate is mandatory and in the absence of its filing the case must be reversed, relying on the authority of our recent decision in *People v. Samuels*, 42 Ill. App. 3d 642, 356 N.E.2d 563. This allegation of defendant is in error. A proper certificate, stating that the defendant's attorney consulted with the defendant in person to ascertain his contentions of error in the entry of the plea of guilty and examined the trial court file before filing the motion, is contained in the record. The supreme court, in cases involving Supreme Court Rule 651(c) (Ill. Rev. Stat. 1975, ch. 110A, par. 651(c)) has held that filing of a certificate during the pendency of the appeal, as was the certificate in the instant case, satisfies the rule. (*People v. Harris*, 50 Ill. 2d 31, 276 N.E.2d 327.) We therefore find the certificate sufficient.

Next the defendant argues that the court erred in dismissing his motion to withdraw the plea of guilty on the basis of the written motion only. He contends that Rule 604(d) mandates that a hearing be held. The rule reads in pertinent part:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment. The motion shall be in writing and shall state the grounds therefor. When the motion is based on facts that do not appear of record it shall be supported by affidavit. * * * The motion shall be heard promptly, and if allowed, the trial court shall vacate the judgment and permit the defendant to withdraw his plea of guilty and plead anew."

The defendant contends that the words "the motion shall be heard" when contrasted with the discretionary language of the Post Conviction Hearing Act "the court may receive proof" (Ill. Rev. Stat. 1975, ch. 38, par. 122—6) plainly require that an evidentiary hearing be held. The defendant argues that only by way of a full scale evidentiary hearing can the trial court apply the law to facts rather than to allegations and speculations.

■■ The motion to withdraw was not accompanied by an affidavit setting forth any facts or issues not of record. The allegations contained in the defendant's written motion concern those matters of which the trial court had direct knowledge thus negating the necessity for an evidentiary hearing.

■■■ Defendant's motion first alleged that his plea was not freely and voluntarily given as he was rushed into the plea and not given sufficient time to reflect on the consequences of his action. The judge who ruled on the motion to withdraw accepted the plea and imposed the sentences following an admonishment to the defendant which we consider thorough and solicitous of the defendant's rights. The same is true of the allegation that the defendant did not make an intelligent waiver of counsel. It would be difficult to frame an explanation of a defendant's right to counsel more calculated to impress upon him the absolute nature of this right than the explanation given this defendant. The third allegation contained in the defendant's motion was that excessive sentences resulted because the sentencing judge did not give proper consideration to statements made by the defendant at the hearing. This allegation necessitated a reconsideration of the sentences, including the defendant's statements at the hearing. However, in the absence of an affidavit accompanying the motion, setting forth any new material relative to the sentencing issue, it would appear that a reading of the transcript of the hearing would suffice.

■■ The allegations contained in the motion to withdraw the pleas are allegations which, in the absence of any request that new matter not of record be considered, might properly be ruled upon by consideration of the written motion and the transcript made at the sentencing hearing.

Under the circumstances presented here an evidentiary hearing was unnecessary. Additionally, we note that there is no indication in the record that defendant's counsel ever requested an evidentiary hearing on the motion.

By the decision in this case we do not intend to state that an evidentiary hearing need never be held upon a motion to withdraw a plea of guilty filed pursuant to Rule 604(d). When such a motion is filed alleging facts or issues not made a matter of record at the sentencing hearing, and the motion is supported by affidavit, and the facts or issues thus raised are traversed by the State, then an evidentiary hearing is not only proper it is necessary.

Affirmed.

CARTER, P. J., and KARNS, J., concur.