THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICKEY D. REXROAT, Defendant-Appellant.

Fourth District No. 14176

Opinion filed September 12, 1977.

Richard T. West, of Urbana, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert C. Perry and James G. Condon, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals from a judgment of conviction entered upon his negotiated plea of guilty to a charge of burglary and a sentence of two to six years imposed. After a hearing at which defendant presented testimony, the trial court denied his motion to vacate the judgment and withdraw his plea.

Counsel appointed to represent defendant at trial and appearing upon the plea was subsequently appointed to represent defendant for purposes of filing the motion required by Supreme Court Rule 605(b).

Supreme Court Rule 604(d) provides, in part: '

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."

Defendant's counsel did not file such certificate prior to or at the time of the hearing upon the motion to withdraw the plea. During the hearing no reference was made to the absence of the certificate nor the requirement that it be filed. Upon appeal defendant argues that the order denying the motion to withdraw the plea must be reversed and the cause remanded for a new hearing upon such motion. He cited *People v. Samuels* (1976), 42 Ill. App. 3d 642, 356 N.E.2d 563, and *People v. Moore* (1976), 45 Ill. App. 3d 570, 359 N.E.2d 1065.

Pending submission of the appeal, the prosecution presented a motion praying that this court order defendant's counsel to file a certificate in compliance with Supreme Court Rule 604(d) in the reviewing court. He cites the order in *People v. Harris* (1971), 50 Ill. 2d 31, 276 N.E.2d 327, entered with reference to the comparable certificate required by Supreme Court Rule 651(c).

Subsequent to the filing of the prosecution's motion, this court, in *People v. Hummel* (1977), 48 Ill. App. 3d 1002, 347 N.E.2d 305, held that the trial court's ruling upon the motion to withdraw the plea will be

reviewed where counsel's certificate is filed in the reviewing court where the record is sufficient to permit review of the allegations of error, and the purposes of the certificate have been fulfilled. In *People v. Chesnut* (1977), 47 Ill. App. 3d 324, 361 N.E.2d 1185, the court, upon reaching a similar conclusion, authorized amendment of the record to show the filing of the certificate in the reviewing court.

The motion by the prosecution has been taken with the case for consideration of the question arising under the following circumstances.

Defendant's trial counsel filed objections to the State's motion. Noting the consent of counsel on appeal, trial counsel subsequently filed an affidavit in the reviewing court reciting in summary that he had seen defendant in the interview room of the county jail on the date of the hearing, that defendant had advised that he had not received correspondence from counsel, that defendant was agitated, perspiring profusely, and that he spoke nervously and barely intelligibly. He further stated that the interview at the jail was interrupted with messages that the State's Attorney and the Judge were waiting in the court room, that defendant could not satisfactorily discuss the subject of the motion to withdraw and that defendant related that he had had death threats made at the penitentiary and was in fear of homosexual attack, and that defendant could not focus his attention upon the scheduled hearing. Counsel's request for additional time to talk with defendant was granted by the court but a prison guard was present during the interview in the court library. He stated that at this interview defendant continued to appear agitated, could not seem to understand the questions and repeatedly attempted to change the discussion to unrelated matters. Counsel stated that they discussed a telephone conversation which defendant had with his mother just prior to the change of plea and that she had persuaded him to plead guilty and that defendant stated that he did not understand the plea agreement "because he felt that the sentence hearing was a rubber stamp of the agreement rather than an opportunity to persuade the court to give him probation." The affidavit stated that defendant abruptly told counsel that he did not want to discuss the case "because he didn't feel I was interested in getting his plea withdrawn," and asked counsel to request that the court appoint another lawyer. Counsel then concluded his interview. The affidavit concludes:

> "Based upon the foregoing facts, I *do not believe* Mr. Rexroat received the type of consultation with counsel as contemplated by Illinois Supreme Court Rule 604." (Emphasis supplied.)

The record shows that prior to the hearing counsel advised the court that defendant desired other counsel and moved to withdraw. In response to the court's inquiry defendant stated that he did not have other counsel

and could not retain such. The court denied counsel's motion to withdraw.

In *People v. Evans* (1977), 46 Ill. App. 3d 689, 690, 361 N.E.2d 77, this court stated that counsel's failure to file a certificate in compliance of Supreme Court Rule 604(d) was harmless error where:

> "The record shows that appointed counsel on the motions subsequent to the plea adequately represented the defendant, had examined the record and court file, and amended defendant's pro se motion to withdraw his plea so as to give it a more solid legal basis. While the formal filing of the certificate does not appear in the record, every function of trial counsel contemplated by the rule was performed."

No case has been cited and we have not found any authority directed to the effect of counsel's sworn statement of *belief* that defendant did not receive the "type of consultation as contemplated by Illinois Supreme Court Rule 604."

A searching examination of the record and proceedings discloses that the trial attorney was performing under difficult conditions in circumstances not entirely within his control and we could conclude from the record that he did, in fact, effectively present the issues raised by defendant through amendments of the motion to withdraw by statement of such issues into the record and introducing evidence upon such issues.

We conclude, however, that while counsel does not directly aver that he failed to comply with Supreme Court Rule 604(d), the fact of such affidavit requires that we reverse the order denying defendant's motion to withdraw the plea and remand the cause to the trial court for a new hearing upon such motion.

Numerous cases appear in the reviewing courts where it has been necessary to examine the effect of the failure of counsel to file the certificate required by the Rule. (See *People v. Samuels* (1976), 42 Ill. App. 3d 642, 356 N.E.2d 563; *People v. Moore* (1976), 45 Ill. App. 3d 570, 359 N.E.2d 1065; *People v. Evans* (1977), 46 Ill. App. 3d 689, 361 N.E.2d 77; *People v. Chesnut* (1977), 47 Ill. App. 3d 324, 361 N.E.2d 1185; *People v. Thompson* (1977), 47 Ill. App. 3d 346, 361 N.E.2d 1169.) In some instances it was necessary to remand the cases for a new hearing in the trial court upon the motion.

While the language of Supreme Court Rule 604(d) does not literally direct the circuit court, as a judicial act, to require appointed counsel to file the certificate prior to proceeding with the hearing on the motion to vacate the judgment and withdraw the plea, it is implicit that such requirement is essential to judicial administration and economy in the disposition of caseloads in both the trial and reviewing courts.

The order denying the motion to vacate the judgment and withdraw the plea is reversed, and the cause is remanded with directions to conduct a new hearing upon such motion.

Reversed and remanded with directions.

CRAVEN, P. J., and REARDON, J., concur.