THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT DEAN, Defendant-Appellant.

Fifth District   No. 77-16

Opinion filed June 5, 1978.

Michael J. Rosborough and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Lawrence Eaton, State's Attorney, of Newton (Bruce D. Irish and John A. Clark, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant, Robert Dean (a/k/a Robert Dean Melson), was charged in the circuit court of Jasper County with the offenses of burglary, possession of burglary tools and misdemeanor-theft. Defendant, while represented by Public Defender John Prusik, pleaded guilty as charged. The guilty pleas were accepted by the court and defendant was sentenced to a term of three to nine years imprisonment on the burglary conviction. However, no sentence was imposed on either of the two other convictions. Thereafter, on behalf of defendant, Prusik filed a motion, pursuant to Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)), to withdraw the guilty pleas and vacate the judgment based upon the alleged severity of the sentence imposed. Prusik, however, failed to file an attorney's certificate of compliance with Rule 604(d) prior to the hearing on the motion. Following the hearing, at which defendant was not

present, the motion was denied. From the denial, defendant brings this appeal.

In his brief on appeal defendant presents the sole issue of whether the cause should be remanded for a new proceeding under Rule 604(d) because of Prusik's failure to file the certificate of compliance and because of the lack of any other record indication of his attorney's compliance with that Rule. Additionally, defendant filed in this court a motion for leave to supplement the record with two affidavits.

The first of these is by defendant wherein he states that:

"After I was sentenced, I was able to talk with Mr. Prusik for about two (2) minutes. I told him that I wanted to withdraw my guilty plea or, in the alternative, file an appeal. He said he would look into the matter and get back to me. He did not talk to me after that, but only sent me a copy of the motion he filed.* * *"

Further, defendant states that he had wished to raise three issues in his motion to withdraw his guilty pleas; that the sentence imposed was excessive; that the representation provided by Prusik during the plea proceedings was ineffective; and that he had been subject to coercion in pleading guilty.

In the second affidavit, by Assistant Appellate Defender John Reid, defendant's appointed appellate counsel, Reid states that Prusik had informed him that no issues with regard to the 604(d) motion had been discussed between Prusik and defendant during the conversation following the instant sentencing hearing.

In response to defendant's motion to supplement the record with the foregoing affidavits, the State has filed objections thereto and the motion has been taken with the case.

In turn, the State has also moved to supplement the record. This motion sought to file a belated certificate by Prusik. In the certificate, Prusik first relates a chronology of his activities in the lower court on behalf of defendant. He then states:

"9. After [the] sentencing [hearing], I did speak briefly with Mr. Dean, during which time he advised me of his displeasure with the sentence and his desire to appeal. However, at that time, and thereafter, I never specifically spoke to Mr. Dean concerning the issues that should be raised on the motion to vacate judgment and withdraw the plea of guilty, and thereafter on appeal.

10. It was my professional opinion that I had an active and thorough knowledge of the case, since I had been dealing with it for several months, and that I was therefore capable of raising all the legally cognizable issues possible* * *.

11. I drafted the motion * * * and raised all the legally cognizable issues I could think of.* * *

12. I sent Mr. Dean a copy of this motion* * *."

Although defendant received timely notice of the State's motion to supplement the record, no objection was raised thereto and the motion was consequently granted. The State then filed its brief on appeal contending that Prusik's certificate resolved the issue raised by defendant.

■■ Thereafter, defendant filed a second motion to supplement the record presenting a second affidavit by him. In it, he states that while Prusik had sent him a copy of the 604(d) motion, such was sent after it had already been filed, and denied, in the trial court. The State again has filed an objection to defendant's second motion to supplement, and such has been taken with the case.

Supreme Court Rule 604(d) states in pertinent part:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."

Strict compliance with this Rule by the convicted defendant's attorney is made by the fulfillment of two requirements. First, that he has consulted with his client, investigated the prior proceedings, and prepared the motion in appropriate legal form presenting his client's complaint concerning the plea of guilty. Second, that he has filed with the trial court a certificate showing that he has performed these duties. Furthermore, under the Rule, the matter of attorney compliance, as a question of fact, is to be determined by the trial court and it is error for the court to deny a motion made pursuant to the Rule without having first ascertained that these requirements have been met. (*People v. Samuels,* 42 Ill. App. 3d 642, 356 N.E.2d 563; *People v. Moore,* 45 Ill. App. 3d 570, 359 N.E.2d 1065; *People v. Sorensen,* 49 Ill. App. 3d 984, 365 N.E.2d 171.) In this respect, the certificate functions to provide a basis upon which the trial court can determine that the attorney has, in fact, performed his duties under the Rule, and also to give the record a clear indication of the extent of such performance which otherwise might not adequately appear thereon. Hence, where strict compliance is observed, any subsequent question on the matter will be effectively removed from the realm of conjecture and speculation.

The language in Rule 604(d) offers no alternative to the filing of the certificate and, equally important, it clearly contemplates the filing of the certificate as a *condition precedent* to the hearing on the motion. (*People v. Samuels; People v. Sorensen.*) Yet a plethora of cases have appeared in

which reviewing courts have had to confront errors involving the failure to have filed the certificate before rulings have been made on the motion. (See *People v. Norris,* 46 Ill. App. 3d 536, 361 N.E.2d 105; *People v. Chesnut,* 47 Ill. App. 3d 324, 361 N.E.2d 1185; *People v. Purvis,* 48 Ill. App. 3d 813, 363 N.E.2d 455; *People v. Thompson,* 50 Ill. App. 3d 51, 365 N.E.2d 255; *People v. Rexroat,* 52 Ill. App. 3d 364, 367 N.E.2d 577.) In some instances the error has warranted a reversal and remandment for new proceedings in compliance with Rule 604(d) (*e.g., People v. Samuels*). In other instances the error has been found harmless, such as where the record otherwise demonstrated that the attorney had performed every other duty required by the Rule (*e.g., People v. Evans,* 46 Ill. App. 3d 689, 361 N.E.2d 77; *People v. Lange,* 59 Ill. App. 3d 603, 375 N.E.2d 919), or where the reviewing court has permitted the State to supplement the record during the pendency of an appeal with a belated certificate showing compliance (*e.g., People v. Hummel,* 48 Ill. App. 3d 1002, 365 N.E.2d 122; *People v. Hultz,* 51 Ill. App. 3d 663, 366 N.E.2d 897).

■■ In any event, there can be no justification for the failure of the trial court to demand, and for the defendant's attorney to present, the required certificate prior to conducting the hearing on the motion. It takes but a moment of the trial court's time to obtain the certificate from an attorney who is then presently before it. And by so doing, as a condition precedent to the hearing, it protects in full measure the interests of the defendant, it provides the record with a certificate made at a time at which the memory of the attorney is its keenest, it avoids the often awkward position in which the prosecution is placed in having to subsequently obtain the certificate during the pendency of an appeal, and it avoids the inherent delay and expense for the parties, and for the courts, resulting from an often unnecessary appeal on the issue.

In the case at bar, the lower court failed to ascertain whether Prusik performed his duties under Rule 604(d) and failed to demand and obtain the required certificate, before denying defendant's motion to withdraw the guilty pleas and vacate judgment. In this, it did err. Therefore, we must next consider whether or not such error was harmless.

Initially we note that upon the record as originally presented, a reversal and remandment for new proceedings in compliance with Rule 604(d) would have been warranted. We are, however, led to consider the conflicting documents which were subsequently presented.

In viewing these, we find it undisputed that the only pertinent contact had between Prusik and defendant was the brief conversation which had occurred immediately following the sentencing hearing. That the conversation was brief is itself of little import since in light of Prusik's familiarity with the case, not much effort would have been needed by

him to ascertain defendant's contentions of error in the plea proceedings. What is of significance, and the only point of dispute[1], is whether this conversation in fact involved the ascertaining of defendant's contentions of error. If Prusik's certificate is to be believed on this point, then it would be clear that, during the conversation, defendant stated his complaint, and only complaint, concerning the pleas of guilty, namely, the severity of sentence imposed, and that such was properly presented in the motion thereafter filed. In light of the record, such a consultation would be sufficient for us to find that the error herein was harmless. (*People v. Lange.*) If, on the other hand, we were to believe defendant's affidavits, then it would be clear that neither during the conversation nor thereafter did Prusik make any effort to ascertain defendant's contentions of error and consequently, certain contentions were never raised in the motion. In this instance, a reversal of the order denying defendant's motion and a remandment would be required for a new hearing in compliance with Rule 604(d) at which defendant must be given an opportunity to amend his motion as he may deem appropriate. (*People v. Samuels.*) The question then before us resolves itself not upon a determination of law applied to the facts, but upon a finding of facts to which the law can be applied.

■■ Had there been strict compliance with Rule 604(d), any dispute involving the accuracy of the facts stated in the attorney's certificate could have been resolved and redressed by the trial court. Since the factual dispute herein had not been settled by the lower court, are we now, on appeal, to delve into fact finding? In *People v. Frey*, 67 Ill. 2d 77, 85, 364 N.E.2d 46, 49, our supreme court stated:

> "It is mandatory for the protection of the accused, as well as society, that courts of original and appellate jurisdiction confine themselves to their respective spheres. Matters which require fact finding based on oral and written evidence *dehors* the record are primarily within the realm of the circuit court. Appeals from a judgment of that court are the function of reviewing courts, which operate on the record of the lower court."

While an exception to this rule has been carved somewhat in that, as previously mentioned, a belated attorney certificate stating facts outside the record will generally be allowed to be filed during the pendency of an appeal, this limited exception has self-evident virtue so long as the accuracy of the certificate is not materially disputed. But such virtue is lost where, as here, a controversy arises over material facts stated in the certificate. In such a situation the correct forum to resolve the factual

---

[1] Another apparent dispute concerns when the prepared motion was sent to defendant. However, on closer examination of the documents before us, we find it uncontradicted that the motion was in fact sent to defendant after it had been filed with and denied by the lower court.

controversy is the trial court which can do so following a proper hearing. Analogous with this view is Supreme Court Rule 329 which requires a hearing before the trial court where there is a dispute between the parties to an appeal concerning the accuracy of the record, even though such arises during the pendency of the appeal. (*People v. Thornton*, 61 Ill. App. 3d 530, 378 N.E.2d 198; *People v. Henderson*, 54 Ill. App. 3d 46, 369 N.E.2d 556.) Thus, where a motion is made in this court to supplement the record with a factually controverted certificate, a proper procedure would be to file an objection thereto, supported by affidavit, showing which material facts are in dispute. If the objection is found to be sufficient, the appeal can then be held in abeyance and the matter can be transferred to the trial court for a resolution of the controversy.

In the case at bar, however, defendant failed to raise a proper objection to the State's motion to supplement the record with Prusik's certificate. Thus defendant failed to bring to our attention the point in controversy at the time we granted the State's motion. Nonetheless, we will take into consideration the fact that defendant has filed his own motions to supplement the record with affidavits which squarely present the dispute. Out of a sound sense of justice, we find that an appropriate disposition of this cause is to treat defendant's motions as an objection, to reverse our prior order granting the State's motion to supplement the record, and to remand this cause to the lower court so that the record can be made to conform to the truth following a proper hearing. Since the sole issue raised by defendant shall be resolved upon this matter, we hold that if the lower court finds the disputed facts to be as stated in Prusik's certificate, then the judgments of conviction entered herein are affirmed. If, conversely, the lower court finds the disputed facts to be as stated by defendant in his affidavits, then the denial of his motion to withdraw the guilty pleas and vacate judgment is reversed, new proceedings, in compliance with Rule 604(d), are to be set, and defendant is to be given an opportunity to make any amendments to his motion as he may deem appropriate.

We next turn to one additional issue raised by the State. Relying on *People v. Scott*, 69 Ill. 2d 85, 370 N.E.2d 540, the State contends that if defendant's convictions for possession of burglary tools and for misdemeanor-theft are affirmed then these judgments of conviction should be remanded for entry of sentences thereon. The lower court herein imposed sentence only on defendant's conviction for burglary but failed to impose sentence on the other two judgments of conviction.

In a criminal case, a judgment becomes final when sentence is imposed and, until such occurs, the judgment remains incomplete. (*People v. Lilly*, 56 Ill. 2d 493, 309 N.E.2d 1; *People v. Griffin*, 56 Ill. App. 3d 255, 371 N.E.2d 1160.) The purpose of the remanding order for the imposition of

sentence, as the State here seeks, is to complete the trial court's judgment of conviction by rendering it a final judgment. *People v. Scott.*

In *People v. Akins,* 43 Ill. App. 3d 943, 358 N.E.2d 3, a case which antedates *Scott,* a similar request was made by the State under circumstances in which the defendant brought an appeal from his convictions for armed robbery and aggravated battery. A sentence had been imposed on the armed robbery conviction but not on the other. In rejecting the State's request, we reasoned that in making the request the State was in the posture of an appellant but that Supreme Court Rule 604(a)(1) did not permit the State to contest the propriety of a sentence imposed on a criminal defendant. See also *People v. Griggs,* 51 Ill. App. 3d 224, 366 N.E.2d 581.

However, one year later our supreme court handed down its opinion in *Scott.* In that case the defendant had been convicted of aggravated battery, rape, two counts of armed robbery and aggravated kidnapping. The trial court imposed sentences on all the convictions except that for aggravated kidnapping. The appellate court affirmed this latter judgment of conviction and remanded for entry of a sentence thereon. (45 Ill. App. 3d 487, 359 N.E.2d 878.) The supreme court affirmed the remanding order. The court held it unnecessary to decide whether, absent an appeal by the defendant, the State could have sought review on the failure of the trial court to impose sentence, but found that, with the defendant's appeal before it, seeking a reversal of the judgment of conviction, the appellate court was empowered to remand the cause for imposition of sentence.

In *People v. Griffin,* involving a similar issue, this court declined to follow *Akins* further, to the extent it was inconsistent with *Scott.*

■■ In the case at bar, defendant attempts to distinguish *Scott* from the instant facts on the basis that in *Scott,* the defendant had sought a reversal of the judgment of conviction at issue, whereas here, defendant only seeks relief from the trial court's order denying his motion to withdraw the guilty pleas and vacate judgment. We find this reasoning unpersuasive. It is premised on the theory that the propriety of a remanding order for entry of sentence is dependent on the defendant's purpose in originally bringing the appeal. To the contrary, however, we view the thrust of *Scott* to be that such a remanding order is appropriate whenever the judgment of the reviewing court acts to affirm the incomplete judgment of conviction of the trial court. A trial court lacks authority to impose a sentence less than the statutory minimum on a judgment of conviction. (*People v. Gardner,* 22 Ill. App. 3d 203, 317 N.E.2d 316, *aff'd following remand,* 52 Ill. App. 3d 386, 367 N.E.2d 437.) It follows then, that a trial court equally lacks authority to fail to impose any sentence on a properly entered judgment of conviction. (See generally *People v. King,* 66 Ill. 2d 551, 363 N.E.2d 838.) Hence, where

the judgment of the reviewing court is an affirmance of a trial court's judgment of conviction, but that judgment remains incomplete because no sentence had been entered thereon, the reviewing court must order the judgment to be made final by the imposition of a sentence.

Defendant raises other arguments against the remanding order herein requested. We, however, are satisfied that these have no merit in light of *People v. Scott,* and that *Scott* is controlling of the issue raised by the State.

In the instant case, the judgment of this court, as heretofore discussed, is a contingent one and it will depend on the facts as found by the lower court. Presuming for a moment that the lower court were to find the facts in dispute to be against defendant, the effect of such a finding would be to invoke an affirmance of the judgments of conviction including the two presently nonfinal judgments. Accordingly, we hold that if this event should occur, then the lower court shall enter proper sentences on defendant's convictions for possession of burglary tools and for misdemeanor-theft.

To summarize our disposition of this cause, for the foregoing reasons this cause is remanded to the circuit court of Jasper County which shall hold a proper hearing on the question of consultation between defendant and Prusik. If the court finds the facts on this point to be as stated in defendant's affidavits, then the order of the circuit court denying defendant's motion to withdraw the pleas of guilty and vacate judgment is reversed and remanded for further proceedings consistent with this opinion. If, on the other hand, the court finds the facts on this point to be as stated in Prusik's certificate, then the judgments entered by the circuit court are affirmed and remanded for entry of sentences on the convictions for possession of burglary tools and misdemeanor-theft.

Remanded with directions. Judgments affirmed and remanded, or otherwise reversed and remanded upon compliance with this opinion.

KARNS and G. MORAN, JJ., concur.