STATE OF WEST VIRGINIA

*v.*

LARRY DALE CONLEY

(No. 14590)

Decided December 18, 1981.

*J. Thomas Lane, Bowles, McDavid, Graff & Love,* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Jack C. McClung,* Deputy Attorney General, for defendant in error.

PER CURIAM:

In this action Larry Dale Conley appeals from his January 18, 1978, conviction in the Circuit Court of Kanawha County. Conley alleges that his involuntary absence from a post-trial hearing on his motion to reconsider the sentence, at which no evidence was taken but where arguments of counsel were heard, constitutes a denial of his

right to be present at every critical state of trial. He further claims that the State breached its duty to him under the terms of a plea bargain agreement, pursuant to which he had entered his plea of guilty. We find no merit in either claim, and affirm the judgment of conviction.

On January 18, 1978, Conley entered a plea of guilty to a charge of grand larceny in the Circuit Court of Kanawha County. Trial had begun on January 17, 1978, on a charge of armed robbery. Upon resumption of the trial on January 18, defense counsel informed the court that a plea bargain agreement had been reached. The assistant prosecuting attorney trying the case confirmed this information, and proceeded to lay out the terms of the plea bargain as the State understood it. The State agreed to accept the defendant's plea of guilty to the lesser offense of grand larceny, to make no recommendation as to probation, and to recommend the alternative sentencing procedure of one year in the county jail, permitted by *W.Va. Code*, 61-3-13(a) [1977], should the court determine that incarceration was required. The trial judge informed counsel that he would not be bound by any plea bargain and told Conley several times that he reserved the right to sentence him to one to ten years in the state penitentiary, without regard to any plea bargain with the prosecutor's office. Conley indicated that he understood this, and that he still wished to plead guilty to the lesser offense of grand larceny.[1]

The court accepted the plea of guilty to the charge of grand larceny and ordered that the defendant be remanded to the custody of the Huttonsville Correctional Center for diagnosis and classification. After receipt of the report from Huttonsville, the court sentenced the defend-

---

[1] Conley, in his petition for appeal, also assigned as error the alleged failure of the trial court to sufficiently inform him of the factors it would consider in passing sentence. That assignment, however, was neither briefed nor argued and, therefore, will be considered abandoned. *See* Syl. pt. 6, *Addair v. Bryant*, ___ W.Va. ___, 284 S.E.2d 374 (1981): "Assignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived."

ant to a term of one to ten years in the penitentiary with credit for time served. No error is alleged in regard to the June 9, 1978, sentencing of the defendant.

On July 28, Conley moved the court to reconsider the sentence, and a hearing on this motion was held on August 7, 1978.

Conley was not present at this hearing, the circuit court having denied his motion to require his presence. At the hearing, defense counsel moved the court to reconsider the sentence, apparently with a view to obtaining probation for Conley as soon as possible. A different assistant prosecuting attorney than had previously handled the case represented the State. The new assistant prosecutor stated that "this guy has had more breaks than he deserves" and opposed the motion of defense counsel. The court denied the motion to reconsider the sentence and this appeal followed.

Conley assigns as error the trial court's refusal to require his presence at the hearing held on his motion to reconsider the sentence, and the assistant prosecutor's alleged breach of the plea bargain agreement at that hearing. We turn first to the claimed right to presence.

Appellant argues that the right to be present at all critical stages of the trial includes the right to be present at the hearing on his motion to reconsider the sentence, without regard to whether the sentence is actually modified at that hearing.

In defining what constitutes a critical stage we have stated that "(a) critical stage of a criminal proceeding is where the defendant's right to a fair trial will be affected." Syllabus point 2, *State v. Tiller*, ___ W.Va. ___, 285 S.E.2d 371 (1981).

While we have not specifically ruled on the asserted right to presence at a hearing on a motion to reconsider sentence at which no evidence is taken, *Tiller*, supra, makes clear that no right to be present at such a hearing

exists.[2] Conley's absence from the hearing held on his motion to reconsider the sentence could not have affected the fairness of his trial and, indeed, there is no allegation of prejudice occurring as a result of his absence from the challenged hearing.

Conley's second assignment is that of the alleged breach of the plea bargain agreement at the reconsideration hearing, and he asks that upon remand he be permitted to choose either specific performance of the original plea bargain or be allowed to withdraw his guilty plea.

By the terms of the plea bargain agreement, as related to the trial court by the assistant prosecutor assigned to the case at the time the plea was entered, and agreed to without reservation by defense counsel, the State agreed to "make no recommendation concerning probation." This statement was made in the context of an agreement by the State to recommend the alternative sentencing option under *W.Va. Code*, 61-3-13(a) [1977], if the trial judge chose to incarcerate Conley. It is apparent from the context in which the agreement to make no recommendation as to probation is presented that the parties contemplated only that it would extend to the initial sentencing.

We noted in Syllabus point 2 of *State v. Olish,* ___ W. Va. ___, 266 S.E.2d 134 (1980), "(w)here the guilty plea is

---

[2] Federal courts and the courts of sister states have laid down the rule that the right of a defendant to be present does not extend to post-trial hearings where only questions of law are determined. In the federal law, see Rule 43, F.R.Cr.P., Notes of the Advisory Committee, No 1 (1981 ed.); *United States v. Phillips,* 403 F.2d 963 (6th Cir., 1968); *United States v. McClintic,* 606 F.2d 827 (8th Cir., 1979); *Gilliam v. United States,* 269 F.2d 770 (D.C. Cir., 1959).

State courts have considered the issue in *Dobbs v. State,* 245 Ga. 208, 264 S.E.2d 18 (1980); *People v. Ellis,* 81 Ill. App. 351, 36 Ill. Dec. 601, 401 N.E.2d 282 (1980); *McCuan v. State,* 196 Kan. 457, 413 P.2d 69 (1966); *Com. v. Dupont,* 2 Mass.A. 566, 317 N.E.2d 83 (1974); *State v. Hurst,* 347 S.W.2d 177 (Mo. 1961); *State v. Higley,* 621 P.2d 1043 (Mont. 1980); and *Sanders v. State,* 69 Wis. 2d 242, 230 N.W.2d. 845 (1975). Rule 43(c) (3) of the West Virginia Rules of Criminal Procedure provides that "a defendant need not be present ... (a)t a conference or argument upon a technical question of law not depending upon facts within the personal knowledge of the defendant."

sought to be withdrawn by the defendant after sentence is imposed, the withdrawal should be granted only to avoid manifest injustice."

Since we hold that the State was not bound to refrain from making a recommendation as to probation at the hearing on Conley's motion to reconsider the sentence, the challenged statement by the assistant prosecutor worked no manifest injustice warranting the remedy of allowing Conley to withdraw his guilty plea after the imposition of sentence.

Similarly, where there is no breach of the plea bargain by the State, specific performance is inapposite As we stated in Syllabus point 1 of *Brooks v. Narick*, 161 W. Va. 415, 243 S.E.2d 841 (1978):

"When a court cannot restore a defendant to his position before a plea bargain was performed by him and breached by the state, he is entitled to specific performance of the bargain by the state."

Herein, the State fulfilled its obligation under the agreement, and Conley is not entitled to specific performance.

Finding both assignments of error by Conley to be without merit, we affirm the judgment of conviction and the sentence imposed.

*Affirmed.*