THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CLARENCE E. KING, Defendant-Appellant.
Third District   No. 3—86—0282

Opinion filed January 8, 1987.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Greg McClintock, State's Attorney, of Monmouth (John X. Breslin and Sharon K. Bachert-Bedford, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Clarence E. King, pleaded guilty to two charges of criminal sexual assault. (Ill. Rev. Stat. 1985, ch. 38, par. 12—13(a)(3).) The trial court sentenced him to concurrent terms of 10 years' imprisonment on each charge. The defendant appeals. We affirm.

As a factual basis for the defendant's plea, it was established that he had had sexual intercourse with his 14-year-old daughter and his 15-year-old stepdaughter. The presentence investigation report showed that the defendant's only prior offenses involved minor traffic

violations. At the sentencing hearing, a police officer who had interviewed both victims testified that the 14-year-old had told him that the defendant began making sexual advances towards her when she was 5 years old and that she and her father had had intercourse over 10 times. The 15-year-old told the officer that she started having sexual relations with her father when she was 9 years old, that she had had oral sex with the defendant two or three times, and that she had also had intercourse with him.

The defendant testified that he and his wife had been divorced that morning. He had agreed to surrender any custody and visitation rights. Finally, he stated that he had only had intercourse with the girls between two and four times.

The defendant's mother testified that if the defendant received probation he could live with her. This would greatly assist her, she said, because her medical condition was poor. Further, the defendant's family was very supportive of him.

In entering sentence, the trial court found as aggravating factors that the defendant, by the duties of his office or by his position, was obligated to prevent the particular offense committed or to bring the offenders committing it to justice; that his conduct had occurred on other occasions over a length of time; and that the sentence was necessary to deter others from committing the same crime. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(a).) In mitigation, the court found that the defendant had no history of prior delinquency or criminal activity. Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.1.

The defendant argues on appeal that the trial court abused its discretion and imposed an excessive sentence by finding in aggravation that he, by virtue of his position as a father, was required to prevent the offense of criminal sexual assault.

■ ■ The sentence imposed on a defendant will not be overturned unless the trial court abused its discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) In entering sentence, it is permissible for the judge to consider the nature and circumstances of the offense, including the nature and extent of each element of the offense as committed by the defendant. (*People v. Brewer* (1984), 127 Ill. App. 3d 306, 468 N.E.2d 1242.) For instance, it is not error for a trial judge to consider the extreme youth of the victim as an aggravating factor in sentencing for the offense of cruelty to children. *People v. Williams* (1986), 142 Ill. App. 3d 266, 491 N.E.2d 941.

■ In the instant case, the defendant argues that being a family member is an element of his offense. As such, it cannot be used as an aggravating factor. The State contends that there is a difference be-

tween merely being a family member and being a father. We agree. A father, by virtue of his position, owes a special duty of protection to his children. The same cannot be said for any person "who has resided in the household with [the victim] continuously for at least one year." (Ill. Rev. Stat. 1985, ch. 38, par. 12—12(c).) Accordingly, we find that the trial court did not err in considering the defendant's position as an aggravating factor. Further, given the seriousness of the instant offense and the long period over which it occurred, we find that the court did not abuse its discretion in sentencing him to concurrent terms of 10 years in prison.

The judgment of the circuit court of Warren County is affirmed.

Affirmed.

SCOTT, P.J., and BARRY, J., concur.