THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JERRY BURKE, Defendant-Appellant.

Fourth District   No. 4—91—0654

Opinion filed March 19, 1992.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Richard L. Broch, State's Attorney, of Tuscola (Norbert J. Goetten, Robert J. Biderman, and Elliott Turpin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In January 1991, defendant, Jerry Burke, pleaded guilty pursuant to a plea agreement to a charge of criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—13(a)(3)). The charge alleged that defend-

ant, the stepfather of S.E., committed an act of sexual penetration with S.E. at a time when she was under 18 years of age. In March 1991, the trial court sentenced defendant to 10 years in prison. Subsequently, defendant filed a motion to reconsider sentence and a motion asking that he be brought from the penitentiary to court for the hearing on the motion to reconsider. The trial court denied both motions. Defendant appeals, arguing that (1) the trial court improperly considered his status as stepfather to the victim when it sentenced him, and (2) the trial court denied defendant his constitutional right to be present at the hearing on his motion to reconsider sentence.

We affirm.

### I. THE TRIAL COURT'S CONSIDERATION OF DEFENDANT'S STEPFATHER STATUS WHEN IT SENTENCED DEFENDANT

At the sentencing hearing, the trial court heard the testimony of S.E., considered a detailed presentence report, and also considered the arguments and suggestions of counsel. Defendant chose not to testify at that hearing but did speak briefly in allocution. The trial court then sentenced defendant to 10 years in prison and explained its reasons, in part, as follows:

"In reaching this decision and as a basis of sentence, the court has considered the fact that the conduct of the defendant one, caused or threatened serious physical harm to another; two, the defendant has a prior history of criminal conduct, as set forth in paragraph 9 of the Pre-Sentence Report filed herein, which the court does hereby specifically adopt by reference into this sentencing order; *three, that by the duties of the defendant's position, that being a stepparent, [he] was obligated to prevent the particular offense of which he stands convicted*; four, that the sentence is necessary to deter others from committing the same or like offenses; and five, the defendant held a position of trust or supervision when he committed the offense, in violation of Section 12—13 of the Code of Criminal Procedure." (Emphasis added.)

Citing the above language, defendant argues that the trial court improperly considered his status as the stepfather of S.E. as an aggravating factor because the relationship between defendant and S.E. was an element of the offense to which he pled guilty. Defendant maintains that the trial court committed the very error the supreme court condemned in *People v. White* (1986), 114 Ill. 2d 61, 66, 499 N.E.2d 467, 469, wherein the trial court considered as an aggravating

factor that the victim of the aggravated battery was under 13 years of age and the defendant had been convicted of the offense of aggravated battery of a child, which offense *required* the victim to be under 13 years of age. We disagree with defendant's contention.

The record in this case shows that defendant had been acquainted with S.E. since she was two years old when defendant began dating her mother. When S.E. was nine years old, defendant married her mother, and along with S.E.'s sister, P.E., the four of them resided together as a family unit. Given this background, we find strikingly similar (and dispositive) the decision of the Third District Appellate Court in *People v. King* (1987), 151 Ill. App. 3d 662, 503 N.E.2d 365.

In *King*, the defendant pleaded guilty to two charges of criminal sexual assault, which involved the same statutory provisions (sexual penetration of a child by a "family member") as the charge to which defendant pleaded guilty in the present case. (See Ill. Rev. Stat. 1985, ch. 38, par. 12—13(a)(3).) The defendant in *King* was also sentenced to 10 years in prison on each charge, with the sentences to run concurrently. The victims in that case were defendant's 14-year-old daughter and 15-year-old stepdaughter, and he had engaged in sexual intercourse with each of them. (*King*, 151 Ill. App. 3d at 663, 503 N.E.2d at 366.) Evidence at the sentencing hearing revealed that the defendant began making sexual advances towards the 14-year-old when she was five years old and that she and her father had had intercourse over 10 times. (*King*, 151 Ill. App. 3d at 663, 503 N.E.2d at 366.) The 15-year-old victim began having sexual relations with her stepfather when she was nine years old, had oral sex with him two or three times, and also had sexual intercourse with him. (*King*, 151 Ill. App. 3d at 663, 503 N.E.2d at 366.) The defendant in *King* argued on appeal that the trial court abused its discretion and imposed an excessive sentence by finding an aggravating factor in that defendant, by virtue of his position as a father, was required to prevent the offense of criminal sexual assault. (*King*, 151 Ill. App. 3d at 663, 503 N.E.2d at 367.) The court rejected this argument and wrote the following:

> "In the instant case, the defendant argues that being a family member is an element of his offense. As such, it cannot be used as an aggravating factor. The State contends that there is a difference between merely being a family member and being a father. We agree. A father, by virtue of his position, owes a special duty of protection to his children. The same cannot be said for any person 'who has resided in the household with [the victim] continuously for at least one year.' ([One of the definitions of 'family member' under] Ill. Rev. Stat. 1985, ch. 38, par.

12—12(c).) Accordingly, we find that the trial court did not err in considering the defendant's position as an aggravating factor. Further, given the seriousness of the instant offense and the long period over which it occurred, we find that the court did not abuse its discretion in sentencing him to concurrent terms of 10 years in prison." *King*, 151 Ill. App. 3d at 663-64, 503 N.E.2d at 367.

■ We agree with the Third District's analysis in *King* and find it disposes of the argument defendant here raises. However, even if we did not agree with that analysis, we would not find a remand for resentencing warranted on the facts of this case given that defendant's criminal conduct here is far more egregious than was the conduct in *King*.

The offense for which defendant was sentenced, criminal sexual assault, is a Class 1 felony (Ill. Rev. Stat. 1989, ch. 38, par. 12—13(b)), which means that an offender may be sentenced to prison for not less than 4 years and not more than 15 years (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(4)). S.E. testified at defendant's sentencing hearing that he first started having sexual intercourse with her when she was 10 years old. S.E. testified that defendant had sexual intercourse with her every other night for three years while her mother was at work until she finally told her mother about defendant's conduct when she was 13. S.E. said that on each occasion when they had sexual intercourse, defendant also made her perform oral sex upon him and let him perform oral sex upon her. S.E. further testified that defendant threatened that if she told anyone what he was doing to her, he would do the same things to her younger sister, P.E., with whom S.E. was close. S.E. described P.E. as mentally handicapped, legally blind, brain-damaged, and able to hear only with the assistance of two hearing aids.

S.E. also testified that on an evening when she had an 11-year-old girlfriend sleep over at her house and S.E.'s mother was at work, defendant told S.E. that he wanted to sleep with her girlfriend and that S.E. should ask her. S.E. did, and her girlfriend agreed to go into defendant's bedroom. Later, defendant told S.E. that he had attempted sexual intercourse with her girlfriend, but that they could not have intercourse "because she was too tight." Defendant resumed his previous sexual conduct with S.E. the next night.

Other evidence at the sentencing hearing revealed that defendant had a prior felony conviction and several prior misdemeanor convictions. Furthermore, after the court carefully analyzed the factors in mitigation set forth in section 5—5—3.1 of the Unified Code of Cor-

rections (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.1), it specifically found no mitigating factor present in this case. Given the startling duration of defendant's odious degeneracy and the terrible effect it had on S.E. (she has tried to kill herself, has trouble sleeping, is alienated from her mother, and lives in a foster home), defendant should consider himself fortunate that the trial court sentenced him to only 10 years in prison, which is approximately halfway between the minimum and maximum sentences (4 to 15 years) statutorily authorized. As this court has had occasion to observe in the past when addressing a defendant's argument regarding a sentencing impropriety, "[a] remand for resentencing on these facts with this defendant's criminal history [and the egregious circumstances of his offense] is unnecessary because we can hardly imagine how a sentence of less than 10 years could be imposed." *People v. White* (1990), 198 Ill. App. 3d 641, 665, 555 N.E.2d 1241, 1256.

## II. DEFENDANT'S CLAIM THAT HE HAS A CONSTITUTIONAL RIGHT TO BE PRESENT AT HEARING ON MOTION TO RECONSIDER SENTENCE

In April 1991, defendant's trial counsel filed a motion to reconsider sentence. That motion alleged that the sentence imposed by the court was excessive and, in the alternative, that the trial court should provide defendant with a new sentencing hearing to give him an opportunity to ask for an alcohol evaluation. The trial court denied that motion and also denied defendant's motion to be personally present at the hearing on the motion to reconsider sentence.

On appeal, defendant argues that because his motion to reconsider sentence involved his "substantial rights," he had a constitutional right to be present at the hearing on that motion. Defendant argues as follows:

"If [defendant] had been present at the motion to reconsider sentence, he could have elected to testify in the hope of persuading the trial court to impose a more lenient sentence. *** [Defendant's] testimony regarding his alcohol usage could have convinced the trial court to order [an alcohol] evaluation.

*** The person most likely to have relevant evidence to present in support of the motion to reconsider was [defendant, and his] presence at the hearing was necessary to fully present his arguments to the trial court."

We disagree.

■ Defendant's motion to reconsider sentence was filed under the authority of section 5—8—1(c) of the Code, which reads, in pertinent part, as follows:

"A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 30 days after the sentence is imposed. However, the court may not increase a sentence once it is imposed." Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c).

In *People v. Hanna* (1987), 155 Ill. App. 3d 805, 812, 508 N.E.2d 765, 770, this court discussed section 5—8—1(c) of the Code as follows:

"A trial court has discretion to hear additional evidence if a motion to reduce sentence alleges facts outside the record which, if true, would alter the court's conclusion as to a proper sentence. However, we cannot agree with defendant's assertion that the court must hear evidence unless it makes specific finding such evidence would not have affected the original sentencing decision."

Thus, *Hanna* stands for the proposition that the trial court may, but *need not*, hear additional evidence when presented with a motion to reduce sentence, even when the motion alleges facts outside the record which, if true, might alter the court's conclusion as to a proper sentence. When a motion to reduce sentence makes such claims, the court has discretion to first determine, through representations and argument of counsel, whether the motion has sufficient merit so as to make an evidentiary hearing worthwhile. This holding is consistent with the concerns this court expressed in *People v. Hummel* (1977), 48 Ill. App. 3d 1002, 1008, 365 N.E.2d 122, 127, that "[t]here are hazards and expense involved in transporting prisoners from the penitentiary to post-conviction proceedings."

■ This court further noted in *Hummel* that the defendant's post-trial motion (there, a motion to withdraw his guilty pleas) did not present the court with any factual issues outside the record. Accordingly, defendant did not need to be present at the hearing on his motion to withdraw his guilty pleas. (*Hummel*, 48 Ill. App. 3d at 1008, 365 N.E.2d at 127.) Similarly, in the present case, defendant failed to present any factual issues outside the record in his motion to reconsider sentence. Thus, as is almost always the situation with regard to post-conviction motions, defendant's motion to reconsider sentence presented only legal issues, the resolution of which did not require his presence.

In *People v. Woods* (1963), 27 Ill. 2d 393, 395, 189 N.E.2d 293, 294, the Illinois Supreme Court wrote the following regarding a defendant's right to be present at trial proceedings:

"The well-nigh unanimous rule in this country is that the defendant's constitutional right to be present at the trial does not 'embrace a right to be present also at the argument of motions prior to trial or subsequent to verdict.' [Citations.]"

In *Hummel*, this court explained that, "[a] defendant possesses a constitutional right to be present at every stage of his trial [citation], but this rule has not generally been extended beyond the sentencing stage." (*Hummel*, 48 Ill. App. 3d at 1008, 365 N.E.2d at 127.) In *People v. Ellis* (1980), 81 Ill. App. 3d 351, 352, 401 N.E.2d 282, 282, the court cited *Hummel* approvingly and wrote the following:

"Defendant's claim that he had an absolute right to be present at the hearing on his motion to withdraw his guilty plea is not persuasive under the facts of this case. The generally accepted rule that a defendant has the right to be present at a hearing which affects his substantial rights 'does not "embrace a right to be present also at the argument of motions prior to trial or subsequent to verdict" [Citations].' (*People v. Woods* (1963), 27 Ill. 2d 393, 395[, 189 N.E.2d 293, 294].)"

(See also *People v. Bryant* (1988), 176 Ill. App. 3d 809, 814, 531 N.E.2d 849, 852 (defendant has right to be present at all proceedings affecting his substantial rights, but hearings on procedural matters or questions of law do not affect those rights); *State v. Conley* (1981), 168 W. Va. 694, 696-97, 285 S.E.2d 454, 456 (defendant had no constitutional right to be present at hearings on motions to reconsider sentence at which no evidence is taken); *State v. Smith* (1985), 217 Mont. 461, 487, 705 P.2d 1087, 1103 (defendant not entitled to be present on his motion to reconsider sentence).) We agree with the foregoing authority and hold that defendant had no constitutional right to be present at the hearing on his motion to reconsider sentence.

### III. CONCLUSION

For the reasons stated, we affirm the judgment and sentence of the circuit court.

Affirmed.

GREEN, P.J., and McCULLOUGH, J., concur.