THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANGELO DAL COLLO, Defendant-Appellant.

Third District    No. 3—96—0728

Opinion filed March 6, 1998.

Tracy McGonigle, of State Appellate Defender's Office, of Ottawa, for appellant.

Paul Mangieri, State's Attorney, of Galesburg (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

Following a jury trial, the defendant, Angelo Dal Collo, was convicted of unlawful possession of contraband in a penal institution (720 ILCS 5/31A—1.1 (West 1996)). He was subsequently sentenced to a seven-year term of imprisonment, to be served consecutively to his current term. On appeal, the defendant argues: (1) the State

failed to prove him guilty beyond a reasonable doubt; and (2) the trial court erred at sentencing when it considered the threat of serious harm as an aggravating factor. After a careful review of the record, we affirm.

## FACTS

At trial, correctional officer Charles Garrison testified that on December 3, 1995, he was performing random pat-down searches of inmates returning from the gymnasium at Hill Correctional Center. Garrison stopped the defendant as he came out of the gymnasium and proceeded to pat him down. In the course of the search, he found a broken file clip in the defendant's front jeans pocket.

Garrison further testified that the clip was made of metal and was approximately 2 to 2½ inches in length. It had been sharpened on the outer edges. In Garrison's opinion, the clip was sharp enough to shave a beard. He said that he considered the clip a shank because of its alterations. Garrison believed the clip was sharp enough to cause bodily injury or death. Garrison was told by the defendant that the clip belonged to him, but he could not explain why he had brought it to the gymnasium.

Correctional officer Tammy Connour testified that she questioned the defendant about the clip. According to Connour, the defendant told her he obtained the clip from another inmate and that it had been sharpened to a razor's edge before he possessed it. The defendant also said that the clip was not used as a weapon. He said he used the clip as a cardboard cutter to make a shelving unit for his cell. In Connour's opinion, the clip was a dangerous weapon because it had the potential to maim a person.

The defendant testified that he used the clip to cut holes out of cardboard and assemble them into shelving units. According to the defendant, he told Connour that the clip was not very sharp because a sharp blade is not required to cut cardboard. He never told Connour that the clip was razor sharp. In his opinion, it would not be sharp enough to shave a beard.

At the sentencing hearing, the trial judge said that he believed the defendant only intended to use the clip to cut cardboard. He also believed that the defendant never intended to harm anyone. However, the judge determined that a threat of harm existed because the clip could be used to harm someone if another inmate obtained it from the defendant.

## ANALYSIS

### Reasonable Doubt

On appeal, the defendant first argues that he was not proven

guilty beyond a reasonable doubt because the State failed to prove that the metal clip was contraband. Specifically, he contends that the clip was not a "weapon" as defined within the statute. We disagree.

■ The statute prohibiting the possession of contraband in a penal institution states that a "weapon" is an item of contraband. 720 ILCS 5/31A—1.1(c)(2)(v) (West 1996). The statute defines a weapon as, among other things, a "knife, dagger, dirk, billy, razor, stiletto, broken bottle, or other piece of glass which could be used as a dangerous weapon." 720 ILCS 5/31A—1.1(c)(2)(v) (West 1996).

■ In assessing whether the defendant has been proven guilty beyond a reasonable doubt, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v.' Collins*, 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277 (1985). Moreover, determinations regarding the credibility of witnesses, the weight to be given to their testimony and the reasonable inferences to be drawn from the evidence are the responsibility of the trier of fact. *People v. Steidl*, 142 Ill. 2d 204, 226, 568 N.E.2d 837, 845 (1991).

■ Here, in the instant case, Officer Garrison testified that the metal clip had been sharpened on both its outer edges. According to Garrison, the clip was sharp enough to shave a beard or cause bodily injury or death. Moreover, Officer Connour testified the defendant told her that the clip had been "sharpened to a razor's edge" before he possessed it. Based on this testimony, the jury could have reasonably concluded that the sharpened metal clip was properly characterized as a razor, thereby falling within the definition of a weapon. Thus, after viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could reasonably find the defendant possessed a weapon. As a result, we conclude that the State proved the defendant guilty beyond a reasonable doubt of unlawful possession of contraband in a penal institution.

## Sentencing

Next, the defendant contends that we should reduce his sentence to the statutory minimum or remand for resentencing because the trial judge erroneously considered an inherent element of the offense in sentencing him. Specifically, the defendant claims that it was improper for the judge to consider the inherent threat of serious harm as an aggravating factor.

■ As a general rule, a sentencing court should not consider in aggravation any factor that is inherent in the offense. *People v. Gray*, 212 Ill. App. 3d 613, 616, 571 N.E.2d 489, 492 (1991). However, it is

proper for a judge to consider the nature and circumstances of the offense. *People v. King*, 151 Ill. App. 3d 662, 663, 503 N.E.2d 365, 367 (1986). In determining whether a sentence was improperly imposed, a reviewing court should not focus on a few words or statements of the trial judge. Instead, it should consider the record as a whole. *People v. Ward*, 113 Ill. 2d 516, 526-27, 499 N.E.2d 422, 425-26 (1986).

■ In this case, a careful review of the record indicates that the judge's comment was made in response to the defendant's testimony that he used the clip as a tool and not as a weapon. The judge noted that although he believed the defendant's story, the possession of this type of weapon threatened the safety of prison officials and inmates if another inmate gained access to the clip. Thus, when viewed in its proper context, the judge's comment was merely a response to the defendant's claim that he used the clip as a tool. As such, we find the judge's comment was proper after reviewing the circumstances of the crime. In sum, we find the trial judge committed no error and the defendant is not entitled to any relief.

Accordingly, the judgment of the circuit court of Knox County is affirmed.

Affirmed.

LYTTON and HOMER, JJ., concur.