NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 221004-U

NO. 4-22-1004

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 3, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Hancock County |
| JONAH K.P. VISTANTE, | ) | No. 19CF101 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Rodney G. Clark, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Turner and Zenoff concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court affirmed, finding the trial court did not err when finding
(1) defendant's conduct caused serious harm and (2) defendant's position of trust
as the child victim's father did not amount to an impermissible double
enhancement.

¶ 2     In March 2022, defendant, Jonah K.P. Vistante, entered an open plea of guilty

pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), for criminal sexual assault (720 ILCS

5/11-1.20(a)(3) (West 2018)). Defendant was sentenced to 14 years' imprisonment. On appeal,

defendant argues (1) his 14-year sentence was excessive because (a) the trial court improperly

found and placed excessive weight on its finding that defendant's conduct caused or threatened

serious harm to J.V. and (b) the court's finding that defendant's position of trust and authority

caused serious harm amounted to an impermissible double enhancement and (2) the preceding

errors cumulatively deprived him of  a fair sentencing hearing. We affirm.

¶ 3                                   I. BACKGROUND

¶ 4          In October 2019, defendant was charged by amended information with five counts of criminal sexual assault for acts of sexual penetration committed against his daughter, a minor, J.V. In March 2022, defendant entered an *Alford* plea to one count of criminal sexual assault (see *North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (an *Alford* plea is a guilty plea where the defendant maintains his innocence)). There was no agreement as to defendant's sentence.

¶ 5          In July 2022, a sentencing hearing was held. The presentence investigation report (PSI) was admitted without objection. The trial court took judicial notice of Hancock County case No. 19-JA-16 and admitted into evidence a transcript of J.V.'s testimony at those proceedings detailing years of defendant's sexual assault of her.

¶ 6          The trial court considered the PSI, evidence presented in aggravation and mitigation, defendant's statement in allocution, argument from the parties, the statutory and nonstatutory factors in both aggravation and mitigation, and the history and character of defendant. The court found in aggravation defendant had a history of prior delinquency or criminal activity and a sentence was necessary to deter others from committing the same crime. The court found defendant's conduct caused or threatened serious harm, stating:

> "I believe that the Defendant's conduct caused or threatened serious harm. It's interesting to note in the aggravation it talks about serious harm; in mitigation it talks about physical harm. There is no doubt that the Defendant's conduct caused serious harm to his own daughter. I can't imagine what she's gone through."

The court also found in aggravation that defendant held a position of trust regarding J.V., stating:

> "I am mindful of the fact that this Court is not allowed to take factors into consideration that are also elements of the charge. It's interesting though to note

- 2 -

under [statutory aggravating factor] 14 it talks about holding a position of trust. I do not think that that's a specific factor. There definitely was trust involved. That's the only part that I'm considering in association with that, that there was trust. This was his own daughter."

The court found the fact defendant was the parent and provider of his four other children was mitigating but did "not plac[e] much weight on that as a factor."

¶ 7          The trial court sentenced defendant to 14 years' imprisonment.

¶ 8          Defendant filed a motion to reconsider his sentence, arguing the trial court erred by failing to find various factors in mitigation applied and when finding various factors in aggravation applied. The court denied defendant's motion.

¶ 9          This appeal followed.

¶ 10                              II. ANALYSIS

¶ 11          On appeal, defendant argues (1) his 14-year sentence was excessive because (a) the trial court improperly found and placed excessive weight on its finding that defendant's conduct caused or threatened serious harm to J.V. and (b) the court's finding that defendant's position of trust and authority caused serious harm amounted to an impermissible double enhancement and (2) the preceding errors cumulatively deprived him of a fair sentencing hearing. We disagree.

¶ 12          "The legislature sets forth by statute the range of permissible sentences for each class of criminal offense." *People v. Fern*, 189 Ill. 2d 48, 53 (1999). "A sentence within statutory limits will not be deemed excessive and an abuse of the court's discretion unless it is 'greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense.' " *People v. Pina*, 2019 IL App (4th) 170614, ¶ 20 (quoting *Fern*, 189 Ill. 2d at 54). A

reviewing court affords great deference to a trial court's sentencing judgment because "having observed the defendant and the proceedings, [it] is in a far better position to consider such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, and habits than a reviewing court, which must rely on a 'cold' record." *People v. Little*, 2011 IL App (4th) 090787, ¶ 24. A sentence that falls within the applicable statutory limits is reviewed for an abuse of discretion. *People v. Price*, 2011 IL App (4th) 100311, ¶ 36.

¶ 13     Here, defendant pleaded guilty to criminal sexual assault, a Class 1 felony. 720 ILCS 5/11-1.20(a)(3) (West 2018). The Unified Code of Corrections provides a term of imprisonment for a Class 1 felony of not less than 4 years and not more than 15 years. 730 ILCS 5/5-4.5-30(a) (West 2022). Defendant was sentenced to a term of 14 years' imprisonment. Because defendant's sentence was within the permissible range, we begin with the presumption the sentence was proper. *People v. Knox*, 2014 IL App (1st) 120349, ¶ 46.

¶ 14                                    A. Serious Harm Finding

¶ 15     Defendant contends the trial court erred because there was no evidence to support a finding of serious harm as distinct from harm *simpliciter*. Specifically, defendant argues there was no mention of harm or evidence presented of counseling, behavioral issues, or other interventions. We disagree.

¶ 16     "Psychological trauma to a victim may be considered as an aggravating factor without direct evidence of trauma." *People v. Reber*, 2019 IL App (5th) 150439, ¶ 94. The trial court "may infer that a child/victim of sex abuse has sustained psychological damage." *People v. Burton*, 102 Ill. App. 3d 148, 154 (1981).

¶ 17     Our review of the record supports the trial court's finding that defendant's conduct undoubtedly caused serious harm. J.V.'s testimony from the juvenile proceedings show

- 4 -

defendant began his sexual assault of J.V. when she was 8 years old and continued until she was 16 years old. J.V. described defendant's conduct in graphic detail and how defendant relentlessly pressured J.V. into having sex with him. J.V. explained she eventually relented while she was showering and described feeling "gross" afterwards. At the age of 11, J.V. recounted defendant told her to lie about having sex with another boy (presumably her own age) at a doctor's visit to obtain a birth control prescription. J.V. stated she simply "wanted to be normal," meaning not having defendant coerce her into having sex with him. On another occasion, defendant "flipped out" on J.V., striking her several times with his hands and a belt and threatening to kill her when she told him she had a boyfriend.

¶ 18 During J.V.'s victim impact statement, she recalled thinking defendant's sexual abuse was normal when she was younger. J.V. missed out on friendships and life experiences because of defendant. J.V. stated when she was 13 or 14 years old, she wondered if, when she became an adult with a husband of her own, defendant would still want to molest her. She stated she felt alone and wanted to have parents but that both were going to be in prison.

¶ 19 Our position as a reviewing court does not require us to abandon our common sense. *People v. Belknap*, 2014 IL 117094, ¶¶ 52-53 (permitting a reviewing court to use a common-sense assessment of the evidence under the first prong of a plain error analysis). J.V.'s testimony from both the victim impact statement and juvenile proceedings readily offers an inference of her sustaining serious psychological harm from defendant's conduct. Therefore, we find no error in the trial court's judgment concerning serious harm caused by defendant's conduct. See *People v. Reed*, 361 Ill. App. 3d 995, 1000 (2005) ("[W]e review the trial court's judgment, not its rationale," and we may "affirm for any reason the record supports.").

¶ 20 B. Double Enhancement Claim

¶ 21        "A double enhancement occurs when (1) a single factor is used both as an element of an offense and as a basis for imposing a harsher sentence *** or (2) the same factor is used twice to elevate the severity of the offense itself." (Internal quotation marks omitted.) *People v. Hibbler*, 2019 IL App (4th) 160897, ¶ 66. "There is a strong presumption that the trial court based its sentencing determination on proper legal reasoning, and a court of review should consider the record as a whole, rather than focusing on a few words or statements by the trial court." *People v. Canizalez-Cardena*, 2012 IL App (4th) 110720, ¶ 22. The defendant bears the burden to affirmatively establish the sentence imposed was based on an improper factor. *People v. Sturgeon*, 2019 IL App (4th) 170035, ¶ 103. A sentence will not be reversed unless it is evident the trial court relied upon an improper factor. *Id.* "Whether the trial court relied upon an improper factor at sentencing is a question of law reviewed *de novo*." *Id.*

¶ 22        Here, defendant pleaded guilty to criminal sexual assault, the elements of which were (1) defendant committed an act of sexual penetration upon J.V., who was (2) under the age of 18 at the time, and (3) defendant was a family member. 720 ILCS 5/11-1.20(a)(3) (West 2018). A family member is defined as:

> "a parent, grandparent, child, aunt, uncle, great-aunt, or great-uncle, whether by whole blood, half-blood, or adoption, and includes a step-grandparent, step-parent, or step-child. 'Family member' also means, if the victim is a child under 18 years of age, an accused who has resided in the household with the child continuously for at least 6 months." 720 ILCS 5/11-0.1 (West 2018).

¶ 23        Defendant contends the trial court's finding defendant held a position of trust regarding J.V. because he was J.V.'s father—an element inherent to the charged offense— amounted to an improper double enhancement. Also, when the court referred to J.V. as

defendant's daughter, defendant argues the court considered defendant's status as a family member—an element inherent to the charged offense—which amounted to an improper double enhancement used to bolster the court's finding of serious harm.

¶ 24 We disagree with defendant's contention the trial court's consideration of defendant's position of trust amounted to a double enhancement. Simply because a person is a family member does not necessarily entail that person holds a position of trust. Moreover, a position of trust is not an underlying element of criminal sexual assault. Besides, "[i]t is appropriate for a trial court to consider whether a defendant convicted of criminal sexual assault holds a position of trust or supervision in relationship to the child/victim." *People v. Madura*, 257 Ill. App. 3d 735, 739 (1994).

¶ 25 We also do not find error where the trial court referenced defendant being J.V.'s father as this did not amount to improperly bolstering the court's finding of serious harm. The trial court, when "announcing its sentencing decision, is not required to refrain from any mention of the factors that constitute elements of an offense, and the mere reference to the existence of such a factor is not reversible error." *People v. Brown*, 2018 IL App (1st) 160924, ¶ 22. "Sentencing hearings do not occur in a vacuum, and the duty to impose a fair sentence entails an explanation of the court's reasoning in the context of the offenses of which a defendant has been convicted." *People v. Sauseda*, 2016 IL App (1st) 140134, ¶ 15 (stating a trial court's comments on the nature and circumstances of a defendant's crime does not necessarily result in improperly using elements of the offense as factors in aggravation). When read in context, the trial court found defendant's conduct caused serious harm and noted the inescapable fact that this serious harm was caused to his own daughter. At sentencing, a "court need not unrealistically avoid any mention of such inherent factors, treating them as if they did not exist." *People v. O'Toole*, 226

Ill. App. 3d 974, 992 (1992). We find the trial court appropriately considered defendant's position in J.V.'s life when sentencing defendant. See *People v. King*, 151 Ill. App. 3d 662, 663-64 (1987) (finding a distinction between being a father and a family member and that considering the defendant's position as a father, who owes a special duty of protection to his child, as an aggravating factor was not error).

¶ 26        Because we do not conclude the trial court erred when finding defendant's conduct caused serious harm or the court's findings amounted to a double enhancement, we need not address defendant's claim that cumulative errors denied him a fair sentencing hearing.

¶ 27                                III. CONCLUSION

¶ 28        For the reasons stated, we affirm the trial court's judgment.

¶ 29        Affirmed.